### ROE *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Superior Court of New York City, General Term.  January 7, 1889.)*

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—NEGLIGENCE—QUESTION FOR JURY.
    Upon the trial of an action against a city for injuries to plaintiff's horse resulting from the alleged negligence of defendant in allowing the street to become out of repair, there being evidence that the horse slipped by stepping on an iron plate over a gutter, and that while when first placed there its surface was rough and furnished a safe foothold for a horse, it had become smooth, and was dangerous on all occasions, particularly when wet and muddy, as in the case in question, it is for the jury to say whether the city was negligent in failing to replace the plate when worn, or taking other precautions against the danger.

2. SAME.
    Whether the accident resulted from the wet and mud on the plate alone, or from the smoothness of the plate and the wet and mud together, is also for the jury.

3. EVIDENCE—OPINION EVIDENCE—EXPERTS.
    An officer of the weather bureau, having testified that a certain quantity of rain had fallen recently before the accident, cannot be permitted to testify what the effect of such a rain-fall would be on a street of the city on which there is much traffic, as on such a question the witness is not an expert.

4. APPEAL—PRACTICE—RECORD—INDEFINITE EXCEPTION.
    Where a number of requests to charge are made, of which some are refused, though some of the latter are, in effect, given in another form, or rendered unnecessary by parts of the charge given, an exception generally to the refusal to give the charges is too indefinite, as it should specify the parts omitted by the court.

Appeal from jury term.

Action by Jasper P. Roe against the mayor, aldermen, and commonalty of the city of New York to recover for injuries to plaintiff's horse, caused by the alleged negligence of defendants in the care of its streets. Judgment for plaintiff, and defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Walker Hartwell* and *Henry R. Berkman*, for appellant.  *George F. Murray*, for respondent.

SEDGWICK, C. J.  The complaint charged that the horse of the plaintiff slipped and fell upon an iron plate or covering over a gutter, across a certain street, and that the slipping was caused "by reason of the dangerous, negligent, and unskillful construction and maintenance by the defendant of the said iron plate or covering," etc.  Upon the trial there was testimony upon

which the jury could have found that the iron covering, when it was first placed over the gutter, was rough on its surface, and furnished a safe foot-place for horses, and that since then the roughness had been worn off until its surface was so smooth that it did not furnish a safe foot-place for horses, and was dangerous to horses stepping upon it on all occasions, and especially if it were wet and muddy. On the trial the defendant's counsel moved for a dismissal of the complaint on the ground that the city cannot be held to liability for an exercise of its judgment and discretion in selecting particular material for a covering of a gutter across a street, and *Urquhart* v. *Ogdensburg,* 91 N. Y. 71, was cited to support the motion. It might be doubted, if, in the first instance, the covering was beyond doubt likely to be dangerous and unfit for travel upon it, whether a selection of it would be a use of discretion rather than an abuse of discretion. If this doubt were not valid, the case cited, and others which follow it, declare it to be the duty of a corporation to keep in repair or good order whatever it has once competently devised and selected. It was therefore for the jury in this case to find whether or not the city had negligently suffered the iron plate, which was in the first place safe, to become smooth and unsafe, without replacing it with a fresh plate, or in some way preventing the place in the street remaining in a dangerous state.

It may be suggested that, if the slipperiness was because of the wet and mud upon the covering of the gutter, and therefore the result of causes for which the city was not responsible, (*Kinney* v. *City of Troy*, 108 N. Y. 567, 15 N. E. Rep. 728; *Kaveny* v. *City of Troy*, 108 N. Y. 571, 15 N. E. Rep. 726,) the plaintiff should not recover. In the present case, it was for the jury to say whether the slipperiness resulted from the wet and mud only, or from the smoothness of the covering, with the wet and mud upon it. If the latter were the cause, and the city negligent in respect of that, then the defendant would not be entitled to a dismissal of the complaint. On the trial the defendant did not ask that the jury should pass upon the matter. The learned counsel for the city argued that the cause of action alleged in the complaint did not include a case of the city negligently suffering the plate to get out of repair or out of order. On the trial no specific allusion was made to the testimony, as not supporting the complaint as it was framed. The objections were taken to the sufficiency of the proof to sustain a cause of action, and the proof did sustain the allegation of the complaint that the defendant negligently maintained the street in the respects specifically averred.

The court refused to allow the question asked by the defendant of an officer of the weather bureau: "Are you familiar with the effect upon a New York street of much traffic that such a rain-fall would have?" The witness had testified that rain had fallen of a described quantity recently before the accident. Several considerations support the ruling of the court, even if it be assumed that the witness was an expert as to part of the subject of the question. The question was too general as relating to many streets, in many and various conditions. As to parts of the effect of a rain-fall, which are commonly observed, the witness was not an expert. Before the charge to the jury, the counsel for defendant made six requests to charge. In the charge the court complied with the first and sixth requests, and said: "The other requests I refuse to charge." There was an exception to that refusal. The court, in the charge as made, had correctly referred to some parts of the requests it refused to make, and had made it unnecessary to charge other parts by the way in which it described the legal liability of the defendant. The exception, therefore, was too general, as there was no specification of any particular omission by the court. The judgment and order should be affirmed, with costs. All concur.