[No. 7641.   Decided November 18, 1908.]

WALTER J. SMITH, *Respondent*, v. THE CITY OF TACOMA,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—PLEADING—DESCRIPTION OF DE-
FECT—VARIANCE—PROOF OF INCIDENTAL MATTER.   In an action for
injuries sustained in a fall upon a sidewalk, alleged to have been
occasioned by the maintenance on an incline of a smooth iron cover
for a coal hole, without any protecting slugs, whereon the plaintiff
slipped and fell, evidence that a projecting handle of the door
caught plaintiff's foot as he slipped and fell is not a variance, and
is admissible as an explanatory detail without previous allegation
as to the door knob.

SAME—COVER OVER COAL HOLE—NEGLIGENCE—NOTICE—QUESTIONS
FOR JURY.   In an action for injuries sustained by a fall upon a slip-
pery iron cover of a coal hole, maintained on an inclined sidewalk,
evidence that the cover was worn smooth and slippery and had been
in use several years is sufficient to make a question for the jury as
to the negligence of the city and constructive notice of the defect,
although rain at the time appears to have been an element.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered May 19, 1908, upon the verdict
of a jury rendered in favor of the plaintiff, for personal in-
juries sustained in a fall upon a sidewalk.   Affirmed.

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham,* for appel-
lant, contended that the rain being an intervening cause in
producing the injury, the city was not liable.   3 Abbott,
Mun. Corp. § 1021; 5 Thompson, Negligence, par. 6156;
*Cromarty v. Boston,* 127 Mass. 329; *Lyon v. Logansport,*
9 Ind. App. 21, 35 N. E. 128; *Leonard v. Butte,* 25 Mont.
410, 65 Pac. 425.   Constructive notice is presumed only
when the defect has existed for such a length of time and
under such circumstances that the city or its officers, in the
exercise of proper care and diligence, ought to have obtained
knowledge of it.   Elliott, Roads and Streets (2d ed.), § 626;

[1]Reported in 98 Pac. 91.

*McGrail v. Kalamazoo*, 94 Mich. 52, 53 N. W. 955. Our
new towns, built on hillsides, have a difficult task set them in
the matter of providing fairly decent thoroughfares, and the
rule of liability should not be enforced against them with any
greater degree of strictness than it is in older communities.
*Yeager v. Bluefield*, 40 W. Va. 484, 21 S. E. 752; *Morris v.
Philadelphia,* 195 Pa. St. 372, 45 Atl. 1068.

*Govnor Teats*, for respondent.

HADLEY, C. J.—This is an action to recover for personal
injuries received by  slipping and falling upon a sidewalk.
The place of the accident was upon South Thirteenth street,
in the city of Tacoma, where the grade of the street is at
an incline down the hill from Commerce street to Pacific
avenue.  In the construction of the sidewalk, a coal hole was
placed there for the use of the abutting owners, which was
covered with a smooth piece of sheet steel or iron, lying at
the same incline as the surface of the walk.  The com-
plaint charges that the place was dangerous for people to
pass over because of its smoothness and its slippery condition;
that the city had for a long time negligently permitted the
dangerous condition to exist; and that by reason thereof the
plaintiff slipped upon the covering and fell in such a man-
ner that both bones of his left leg were broken and his left
ankle was sprained.  The cause was tried before a jury, and
a verdict was returned for the plaintiff in the sum of $1,250.
From a judgment against it for that sum, the city has ap-
pealed.

The city's first contention is that the court erred in per-
mitting the respondent and his witnesses to testify as to the
projecting handle of the door.  Both in his claim presented to the city council, and in his complaint, respondent
specified as the cause of his injury the door in the sidewalk,
without any projecting slugs, but with a smooth surface on
an incline and permitted to become smooth and slippery

from wear.  The evidence showed that respondent slipped upon this smooth surface and that, as he was in the act of falling, his foot caught on the projecting handle of the door.  The contention is that, as nothing had been said about the projecting handle, either in the notice to the city or in the complaint, it was improper to permit evidence with reference to it.  We think the reference which was made to it was merely incidental in the description of how the accident happened.  The maintenance of the smooth surface at such a place was the negligence charged, and the injury was undoubtedly traceable to the slipping in the first instance, the catching of the foot in the handle being merely an incidental happening.  We think it was not prejudicial error to permit reference to this incident of the falling, within the rule mentioned in *Benson v. Spokane,* 39 Wash. 101, 80 Pac. 1106, since it was a mere unimportant, explanatory detail, the slippery condition of the walk being the primary cause of the accident.

It is next urged that it was error to deny appellant's motion for a nonsuit.  We think the evidence as to the very smooth and slippery character of the iron, as to the length of time it had been maintained—several years—and to the number of persons who had slipped and fallen there, was amply sufficient to go to the jury upon the question of negligence and constructive notice.  Appellant contends that respondent did not stop with merely showing the smooth condition of the steel or iron, but that he added rain as an element present, and emphasized that feature.  The appellant asks the question: "Would he have slipped without the rain?" and argues that a city is not liable to one who slips by reason of ice or snow, except in special cases, and that the same rule must apply when rain intervenes.  3 Abbott, Munic. Corpor., § 1021, is cited by appellant; but even there we find the statement that, while the mere presence of ice or snow may not be actionable, yet if other elements of actionable negligence also exist, liability may arise.  There was another element of actionable

negligence in the case at bar, and that was the smooth and slippery iron or steel covering, even without the presence of rain. In *Roe v. Mayor etc.*, 4 N. Y. Supp. 447, the court said:

"In the present case, it was for the jury to say whether the slipperiness resulted from the wet and mud only, or from the smoothness of the covering, with the wet and mud upon it."

The same was true in the case at bar. A test for determining whether such a walk as the one involved here is sufficient as a matter of law is well outlined in *Cromarty v. Boston*, 127 Mass. 329, 34 Am. Rep. 38, as follows:

"If a walk is constructed of a material so smooth and hard that travelers shod in the ordinary way are defeated or obstructed in their attempts to pass over it by inability to get the hold upon it with their feet which is necessary to their walking forward, or the want of which causes them to lose their balance and fall, such walk cannot be said, as matter of law, to be safe and convenient. And if, in a sidewalk, the chief part of which is in proper condition for travel, a small part of the surface is constructed of material different from the remainder, and so smooth and slippery that a foot traveler, stepping suddenly upon it from the portion otherwise constructed, necessarily or probably slips and is likely to fall, it cannot be said, as matter of law, that such walk is not defective."

Within the above test, it was for the jury to say whether this sidewalk was defective or not. See, also, *Lyon v. Logansport*, 9 Ind. App. 21, 35 N. E. 128. We think it was not error to deny the motion for nonsuit, and the motion for new trial on the ground of insufficiency of the evidence was also properly denied.

The judgment is affirmed.

Rudkin, Crow, Mount, and Dunbar, JJ., concur.