EDWIN LATELL v. J. W. CUNNINGHAM and Another.[1]

June 13, 1913.

Nos. 18,190, 18,191—(130, 131).

**Defective sidewalk — evidence — question of fact.**

Plaintiff received personal injuries in a fall on a sidewalk in defendant city in front of premises owned by the individual defendant. It is *held:*

(1) The evidence was sufficient to sustain a finding that plaintiff, without fault of his own, slipped on an iron coal-hole cover in the sidewalk that was smooth and slippery.

(2) Whether the coal-hole cover in this condition constituted a defect and danger to pedestrians using the sidewalk was on the evidence a question of fact for the jury, and the verdict is sustained by the evidence on this point.

[1] Reported in 142 N. W. 141.

Action in the district court for Ramsey county against J. W. Cunningham and the city of St. Paul to recover $18,500 for injury received by falling upon a slippery and dangerous coal-hole cover in the sidewalk in front of defendant Cunningham's building. The separate answer of defendant Cunningham alleged that the iron cover had a rough surface and was at all times safe, and not smooth or dangerous, and alleged that defendant's negligence contributed to his injuries. The separate answer of defendant city alleged that any injury to plaintiff was caused by his own negligence and arose from conditions, the risks of which were open and obvious and assumed by him. The case was tried before Dickson, J., who denied the motion of defendants for directed verdicts in their favor and a jury which returned a verdict for $1,200 in favor of plaintiff. From an order denying defendant's motions for a new trial, they appealed. Affirmed.

*Walter L. Chapin, O. H. O'Neill, Kenneth G. Brill* and *Albin E. Bjorklund,* for appellants.

*John J. Kirby* and *William J. Quinn,* for respondent.

BUNN, J.

Action to recover damages for personal injuries sustained by plaintiff through a fall on a sidewalk in defendant city in front of premises owned by defendant Cunningham. There was a verdict in favor of plaintiff and against both defendants, who appeal separately from an order refusing a new trial.

The only question raised on this appeal is as to the sufficiency of the evidence to sustain the verdict. The evidence of plaintiff and his witnesses tended to prove the following facts:

Plaintiff was a stranger in the city, a vaudeville performer with an engagement to give a monologue and dance at the Empress Theater, a playhouse in St. Paul next door to the premises owned by defendant Cunningham. After his first evening performance at the theater on January 29, 1912, he went to his hotel and enjoyed a lunch and beer with friends. At about 1:30 A. M. he left the hotel and went to meet friends who by previous agreement were expected to be in a restaurant conducted on the premises owned by defendant

122 M.—10.

Cunningham. In approaching the restaurant, for the purpose of looking through its windows to ascertain if his friends were inside, he stepped upon a coal-hole cover in the sidewalk, slipped and fell, causing the injuries complained of. This coal-hole cover, including the rim, was 22 inches in diameter and located in the sidewalk some 39 inches from the building and midway between the entrance to the restaurant and the property line between defendant Cunningham's premises and the theater property adjoining. It led to an areaway under the sidewalk and was used exclusively by defendant Cunningham and his lessees. It was placed in the sidewalk in 1886 and had remained there without change or repair until after the accident. Plaintiff and his witnesses testified that the surface of the cover and rim had become worn smooth and slippery, and there was evidence that others had slipped on the cover before, though no evidence of any serious injury on any of these occasions.

There had been a light snow during the evening, and it is fair to say that there was a thin covering on the sidewalk, though it is disputed whether the coal-hole cover was free from snow. In any event it is fairly certain that the snow did not lessen the danger. The temperature at the time of the accident was 14 degrees above zero.

There was in force an ordinance of the city of St. Paul requiring that man-hole covers placed in sidewalks should have a rough surface.

Defendants ask, in forceful language, that this case be not affirmed with the statement that a case was made for the jury. · Counsel ask in their brief: "Shall this case be set in the frame work of conventional rules and the result affirmed by this court on the ground that the jury are ultimate judges of fact and this court cannot itself pass on the credibility of evidence or exercise its common sense in the interest of justice?" Counsel's confidence in the intention of this court to bring about justice in the individual case is, we hope, justified, but we cannot, in order to arrive at what we conceive to be abstract justice in the particular case, render decisions by which "error may creep into the state." Nor can we act as jurors or trial judges. The function of this court in the review of questions of fact is well understood, and has been often stated. We must be guided by

the same rules in the case at bar as in any other case, and give the same weight to the verdict of the jury and the action of the trial court.

It is first contended by defendants that plaintiff's version of the accident is so inconsistent with the other testimony in the case and the admitted facts, that we should hold the evidence insufficient to support a finding that he slipped on the coal-hole cover. We cannot come to this conclusion without usurping the province of the jury. There was nothing inherently improbable in the testimony of plaintiff, and we can see little, if anything, in the physical facts to empeach his story of how he happened to fall. We are clear that the verdict has sufficient support in the evidence on this point.

The next and chief contention is that this coal-hole cover did not constitute a danger to people traveling along the sidewalk. The first argument here is that the cover was not smooth and slippery. A cover which is claimed to be the identical coal-hole cover in question was produced on the hearing in this court, as well as on the trial in the court below. In its present condition it is certainly not as smooth and slippery as plaintiff's witness made out the cover to be at the time of the accident. But whatever roughness its surface may present now may well be due to rust since it was taken from the sidewalk. The evidence given by the numerous witnesses who testified in plaintiff's behalf certainly tended strongly to show that at and before the accident the cover was exceeding smooth and slippery. The jury believed this testimony, and the trial court approved the finding. On the record before us we are wholly unjustified in disturbing this conclusion. And we think it follows that this introduced an element of danger to the traveling public. In winter time, especially with a thin coating of snow on the sidewalk, a step from the comparative rough cement blocks to a smooth and slippery iron man-hole cover, is quite likely to cause a fall. It does not seem unreasonable to compel property-owners, who are permitted to place these covers in their sidewalks, to keep the surface rough, as provided by the city ordinance. The rule may seem a hardship to defendants in this case, but a contrary rule would work a hardship on the plaintiff, who sustained a serious injury without fault of his own.

In O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913 A, 668, we sustained a recovery where plaintiff slipped and fell on a portion of limestone flagging so worn by travel as to become smooth and slippery, and in this respect presenting a surface different from the surrounding surface of the walk. The O'Brien case is not so strong for plaintiff as is the case at bar, and seems controlling on the question of liability here. Cromarty v. City, 127 Mass. 329, 34 Am. Rep. 381, the chief authority for the decision in the O'Brien case, is very like the instant case in its facts, and fully supports the recovery here. See also Lyon v. City, 9 Ind. App. 21, 35 N. E. 128. We must hold that it was a question for the jury on the evidence in this case whether the coal-hole cover, in the condition it was at and prior to the time of the accident, constituted a defect or dangerous place in the sidewalk, and that the verdict it supported by the evidence to such an extent that we cannot interfere.

Having reached this conclusion, it follows that both defendants are liable. The city because it has control of the streets and sidewalks within its borders, and because it ought to have known of the existence of this danger; defendant Cunningham, because he maintained the cover, and owed the duty to use reasonable care to see that it did not become a danger. It is not necessary that actual notice of the defect be brought home to either defendant, and the evidence sufficiently shows that both defendants ought to have known of the condition.

There is no claim of any error on the trial, and we are unable to escape the conclusion that the questions were for the jury, and that the verdict must stand.

Order affirmed.