O'LANGAN, RESPONDENT, *v.* FIRST STATE BANK OF HILGER, APPELLANT.

(No. 4,266.)

(Submitted January 10, 1921.   Decided February 14, 1921.)

[196 Pac. 149.]

*Banks and Banking — Certificate of Deposit — Nonpayment — Evidence—Sufficiency—Forgery—Burden of Proof—Delay in Bringing Action—Appeal and Error—Conflict in Evidence—Conclusiveness of Verdict.*

Appeal and Error—Conflict in Evidence—Conclusiveness of Verdict.
  1.  The fact that an order denying a new trial was made by a judge other than the one who presided at the trial, thus depriving the verdict of the presumption attending such an order made by the judge who tried the cause, does not permit a departure from the rule that the verdict of the jury, in an action at law, based upon substantial, though conflicting, evidence, will not be disturbed on appeal.

---

1. Authority of successor to trial judge to pass upon motion for new trial, see notes in 7 Ann. Cas. 493; 10 Ann. Cas. 327; Ann. Cas. 1914B, 1235.

Banks and Banking—Certificate of Deposit—Nonpayment—Conflict in Evidence—Verdict Conclusive.

2. In an action against a bank to recover on a certificate of deposit claimed by defendant to have been paid as shown by plaintiff's indorsement thereon, evidence, conflicting in character, on the question whether the indorsement was in plaintiff's handwriting or a forgery, on which question both parties introduced expert witnesses, *held* sufficiently substantial to support a verdict for plaintiff.

Same—Nonpayment—Burden of Proof—May be Sustained by One Witness.

3. Since the burden of proof is not to be determined by the number of witnesses introduced, and the direct evidence of one witness entitled to full credit is sufficient to prove any fact (Rev. Codes, secs. 8028, 7861), the direct evidence of the plaintiff, upon whom was the burden of showing nonpayment of the certificate of deposit in suit, was sufficient to establish that fact.

Same—Delay in Bringing Action Open to Explanation—Evidence—Credibility.

4. Plaintiff's delay of four years before demanding payment of the certificate, and of four years more before commencing action, with knowledge that it was not drawing interest, was subject to explanation, and not alone sufficient to impeach the probability of his story.

*Appeals from District Court, Silver Bow County; Edwin Lamb, Judge.*

ACTION by P. H. O'Langan against the First State Bank of Hilger. Judgment for plaintiff, and defendant appeals from the judgment and from an order denying its motion for new trial. Affirmed.

*Messrs. Blackford & Huntoon* and *Mr. W. E. Collins,* for Appellant, submitted a brief; *Mr. Wm. M. Blackford* argued the cause orally.

*Mr. N. A. Rotering,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The undisputed facts of this case are that on February 12, 1908, plaintiff left for collection with the First State Bank of Kendall—now the First State Bank of Hilger—a draft

---

2. For authorities relating to certificates of deposit, see notes in 42 Am. Dec. 576; 75 **Am. St. Rep.** 43.

in his favor, drawn upon a Chicago bank for $1,337, and at the same time deposited $265; that the bank issued its demand certificate of deposit of $1,602, payable to plaintiff, but retained possession of it as security against the possibility that the Chicago draft might not be paid; that, as evidence of its transactions with plaintiff, the bank executed and delivered to him a receipt which identified the certificate and indicated the purpose for which it was retained; that in due course the Chicago draft was paid and plaintiff informed of the fact; that thereafter, in 1912, plaintiff demanded possession of the certificate, and the demand was refused.

The defense made by the bank is that on February 28, 1908, sixteen days after the certificate was issued, plaintiff demanded possession of it; that it was thereupon delivered to him; that he immediately indorsed it and presented it to the bank for payment; that it was paid in full to plaintiff and the certificate canceled, the proper entries made in the books of the bank, and the certificate retained among the files and records of the bank.

The trial resulted in a verdict for plaintiff, and defendant appealed from the judgment and from an order denying it a new trial.

The one question for determination by the jury was: Did [1] the plaintiff indorse the certificate and receive the money represented by it? The general verdict is a finding that he did not do either. The order before us denying a new trial was made by a judge other than the one who presided at the trial, and the effect thereof is to deprive the verdict of the presumption which otherwise would follow, but it does not require or permit a departure from the rule that in an action at law the verdict of the jury based upon substantial, though conflicting, evidence will not be disturbed on appeal. (*Smith v. Barnes,* 51 Mont. 202, Ann. Cas. 1917D, 330, 149 Pac. 963.)

When the certificate was introduced in evidence, it bore as [2] an indorsement the name of plaintiff. Whether it was his genuine signature was the principal question to be an-

swered by the jury. Plaintiff testified that he never saw the certificate, that he did not indorse it, and that he never received any money on account of it. In corroboration he introduced the testimony of his sister—a nonexpert witness familiar with his handwriting—to the effect that the indorsement on the certificate is not plaintiff's signature. He also introduced the testimony of experts each of whom compared the signature on the certificate with admittedly genuine signatures of plaintiff, and each of whom expressed the opinion that the indorsement is not the signature of plaintiff.

On behalf of the defendant the cashier and assistant cashier of the bank at the time the payment is alleged to have been made, each testified that plaintiff did indorse the certificate in his presence and did receive from the bank the full face value, $1,602. The books of the bank were introduced and the entries therein support the defendant's theory, but the entries were made by the same officers of the bank to whose testimony reference has been made. Defendant also called several experts, each of whom compared the signature on the certificate with admittedly genuine signatures of plaintiff, and each of whom expressed the opinion that the indorsement is in plaintiff's handwriting. Upon this conflicting evidence the jury made its finding.

Our attention is directed by counsel for each of the respective parties to facts and circumstances which tend to weaken the evidence of his adversary, and the original exhibits have been certified to this court to aid us in understanding and appreciating the evidence; but the members of this court are not triers of fact, neither are we experts in handwriting, and, though we might entertain a doubt whether the indorsement upon the certificate of deposit is or is not the genuine signature of the plaintiff, we are not so far convinced that the signature is genuine that we may substitute our judgment thereon for that of the jury. Our review of the evidence is necessarily confined to the impressions received from the printed record, whereas the jury occupied a more advantageous

position, in that it had the witnesses present before it, could observe their demeanor while testifying, and was thereby better qualified to judge of their credibility and of the weight to be given to their testimony.

The burden of proving nonpayment was upon the plaintiff, **[3]** but the burden of proof is not to be determined alone by the number of witnesses. (Sec. 8028, Rev. Codes.) The direct evidence of the plaintiff is sufficient to establish the fact of nonpayment, if his testimony is entitled to full credit. (Sec. 7861, Rev. Codes.)

As tending to impeach the probability of plaintiff's story, **[4]** counsel for appellant direct our attention to the fact that he waited four years after the certificate was issued before he demanded it, and then waited four years longer before he commenced this action, although he knew that the certificate was not drawing interest. These delays were subject to explanation, and plaintiff tendered an explanation which the jury must have accepted as reasonable.

After giving due consideration to all the facts and circumstances pressed upon our attention, we are unable to say that plaintiff's testimony is so inherently improbable that it ought not to be accepted as true or that there is not substantial evidence to support the verdict.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.