SULLIVAN, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 7,619.)

(Submitted January 11, 1937. Decided March 4, 1937.)

[65 Pac. (2d) 1175.]

*Mr. F. C. Fluent,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. H. J. Freebourn* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was instituted to recover damages for injuries sustained by plaintiff as a result of falling upon a sidewalk in the City of Butte. The verdict was for the plaintiff. Judgment was in conformity with the verdict. A motion for new trial was made and denied. The appeal is from the judgment.

At the close of the testimony a motion was made for a directed verdict, which was denied. Error is assigned on this ruling. The evidence shows without dispute that at a place in the 300 Block on North Montana Street, where there had been a 6½ per cent. grade, plaintiff fell and sustained injury. At the point where she fell a coal-hole is located in the sidewalk. She testified that she slipped, or tripped and slipped, on the band around the coal-hole cover, and that the sidewalk at the time was dry and without snow or ice. The coal-hole door had knobs on it, and the collar or band around it had circular corrugations or grooves. Other witnesses testified that the collar was smooth and slippery and had been in such condition for a number of years. A photograph of the coal-hole cover and of the surrounding sidewalk was received in evidence and has been certified to this court; it clearly reveals the existence of the circular corrugations or grooves on the collar or band around the door, as well as the knobs on the door itself. The band, at least on one side, was one-eighth of an inch above the level of the surrounding sidewalk. The jury viewed the premises. The record is barren of any evidence tending to show that any other accident had occurred at this point by pedestrians slipping on the band around the coal-hole door.

The defendant was duty bound, under the law, to exercise ordinary care to keep its sidewalks in a reasonably safe condition for public travel. (*Olson* v. *City of Butte,* 86 Mont.

240, 283 Pac. 222, 70 A. L. R. 1352.) Plaintiff argues that the evidence was sufficient to go to the jury on the question of the defendant's negligence, and bases her argument in the main upon what this court said in the case of *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, 426. The part of the opinion in that case on which plaintiff relies reads as follows: "We are unable to see why a smooth and slippery condition of a walk, caused wholly by the peculiar construction of it, or resulting from wear by use of the material of which it is composed, may not be a defect, as well as a condition resulting from a fault in construction or from natural decay. A sidewalk upon which a person cannot step without peril of limb from slipping and falling seems equally as defective as one upon which he is constantly in danger of falling from stumbling, or in which there are unguarded openings rendering passage over it dangerous." The facts in that case were that in a sidewalk composed of cement blocks, of which four were broken and replaced, the new blocks were so hard and smooth that within a year 100 persons had slipped and fallen, and 25 persons within two months prior to the accident. In the light of these facts the court properly held that the question whether the walk was defective and in a dangerous condition was for the jury.

In the case of *Beltz* v. *City of Yonkers,* 148 N. Y. 67, 42 N. E. 401, 402, the court, in our opinion, announced a sound rule properly applicable to the facts in this case, when it said: "There are very few, if any, streets or highways that are or can be kept so absolutely safe and perfect as to preclude the possibility of accidents, and whether, in any case, the municipality has done its duty must be determined by the situation, and what men knew about it before, and not after, an accident. When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its

existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Assuming that the defendant's officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident, or a similar one, from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show or tend to show that they were negligent, unless the defect was of such a character that a reasonably prudent man should anticipate some danger to travelers on the walk if not repaired."

The rule is stated in 7 McQuillin on Municipal Corporations, second edition, section 2974, as follows: "To keep all the sidewalks in perfect condition at all times is practically a municipal impossibility. For instance, slight inequalities are nearly always found, at one place or another, especially where there is much travel. Minor defects or obstructions are generally not actionable. Generally, in accordance with the principle sustained by a majority of the judicial decisions, early and late, these minor defects or obstructions include slight depressions in sidewalks, slight differences in the level of a sidewalk, * * * inequalities at junction of concrete blocks of which the walk was composed, and small holes." The application of this rule is illustrated by the following cases: *Emery* v. *City of Pittsburgh*, 275 Pa. 551, 119 Atl. 603; *City of Tulsa* v. *Frye*, 165 Okl. 302, 25 Pac. (2d) 1080; *Kleiner* v. *City of Madison*, 104 Wis. 339, 80 N. W. 453; *Van der Blomen* v. *City of Milwaukee*, 166 Wis. 168, 164 N. W. 844; *City of Huntington* v. *Bartrom*, 48 Ind. App. 117, 95 N. E. 544; *Johnson* v. *City of Ames*, 181 Iowa, 65, 162 N. W. 858; *Baker* v. *City of Detroit*, 166 Mich. 597, 132 N. W. 462.

Accordingly we hold that the raise of an eighth of an inch of the collar around the coal-hole was such a slight defect that reasonably prudent men could not have anticipated that it was likely to cause an accident.

The witnesses testified that the band around the coal-hole door was smooth and slippery. Recovery has been awarded in a number of decisions where a coal-hole door, or sidewalk, was slippery; but in all of the cases which we have found which permitted recovery, the fact that the coal-hole covering in the sidewalk was slippery, or the sidewalk was slippery, was demonstrated by proving, as in our own case of *Leonard* v. *City of Butte,* supra, that other accidents had occurred previously to the one which was the basis of the suit. (*Smith* v. *City of Tacoma,* 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (n. s.) 1018; *Latell* v. *Cunningham,* 122 Minn. 144, 142 N. W. 141.) Recovery has been denied by courts where the testimony showed that a sidewalk free of any defects was merely slippery. (*Cordish* v. *Bloom,* 138 Md. 81, 113 Atl. 578; *McCourt* v. *City of Covington,* 143 Ky. 484, 136 S. W. 910.)

Recovery was permitted as a result of a slippery condition of the sidewalk, without proof of other accidents, in the case of *Cromarty* v. *Boston,* 127 Mass. 329, 34 Am. Rep. 381, under a statute which provided for recovery for bodily injuries suffered "through a defect or want of repair" upon a "highway, * * * if the same had existed for the space of twenty-four hours previous to the occurrence of the injury." The Massachusetts statute made the city an insurer if a defect was present for the required time and injury resulted therefrom. No such statute obtains in this jurisdiction; yet the dissenting members of this court base their views, at least in part, upon a decision rendered under this particular statute, although the long-established rule in this jurisdiction, as noted supra, is to the contrary.

The witnesses testified that the band about the coal-hole was smooth and slippery, and one witness testified that the corrugations were worn down but that a person could see where they had been. The photograph received in evidence and certified to this court as an exhibit reveals that the circular corrugations were not worn down to the point of their elimination. The whole width of the casing around the coal-hole was

24 inches. The rim was about 4 inches wide. As stated, the corrugations on the rim were circular.

The primary question in this case is whether a defect existed in the sidewalk of sufficient magnitude to cause reasonable men to conclude that an accident was likely to occur as a result of such defect, and not whether the proper city officials had constructive notice of an alleged defect.

Witnesses on behalf of defendant city testified that the collar or band around the coal-hole door was not smooth and slippery. The testimony most favorable to the plaintiff is that this band or collar was smooth and slippery. At best, these words are relative terms. None of the witnesses for plaintiff further described this condition. As the testimony stands in the record, it is at best the conclusion of these particular witnesses.

Viewing the testimony in the light most favorable to the plaintiff, we are unable to say that reasonably prudent men could have reasonably anticipated that the condition existing was dangerous. Accordingly the evidence was insufficient to warrant a finding of negligence on the part of the defendant city. The court was in error in denying the motion for a directed verdict.

The judgment is reversed and the cause remanded to the district court of Silver Bow county with directions to enter a judgment of dismissal of plaintiff's complaint.

Associate Justices Stewart and Morris concur.

Mr. Justice Angstman, Dissenting:

I am not able to subscribe to what is said in the foregoing opinion with reference to the smooth and slippery condition of the iron band around the coal-hole door and used as a portion of the sidewalk. That a smooth and slippery condition of a walk resulting from wear constitutes a defect has been definitely decided by this court. (*Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425.) The same rule has been announced by

other courts. Thus in *Cromarty* v. *City of Boston,* 127 Mass. 329, 34 Am. Rep. 381, in discussing the question whether a smooth and slippery portion of a sidewalk constituted a defect the court said: "It cannot be said, as matter of law, that smoothness and slipperiness of a sidewalk resulting from the condition of the surface of the material of which the walk is made, and not dependent on nor resulting from atmospheric influences, may not render the walk so unsafe and inconvenient for travellers thereon, as to be defective and out of repair within the meaning of the statute. If a walk is constructed of material so smooth and hard that travellers shod in the ordinary way are defeated or obstructed in their attempt to pass over it by inability to get the hold upon it with their feet which is necessary to their walking forward, or the want of which causes them to lose their balance and fall, such walk cannot be said, as matter of law, to be safe and convenient. And if, in a sidewalk, the chief part of which is in proper condition for travel, a small part of the surface is constructed of material different from the remainder, and so smooth and slippery that a foot traveller, stepping suddenly upon it from the portion otherwise constructed, necessarily or probably slips and is likely to fall, it cannot be said, as matter of law, that such walk is not defective. * * * Iron gratings, for example, which might be proper, laid with the bars at right angles to the line of the walk, on a level spot, and covering a small space immediately adjacent to the building standing next the street, could not, as matter of law, be held to constitute no defect, if laid with the bars running longitudinally with the walk, where it was constructed on a steep grade."

Here it should be noted that at the point where plaintiff stepped upon the iron band the corrugations were not running at right angles with her line of travel but were extended as nearly parallel thereto as possible on a circular band and on a grade of 6½ per cent. Other cases holding that a smooth and slippery condition resulting from wear and causing a pedestrian to fall and sustain injuries, constitutes a defect are the following: *Berry* v. *City of Sedalia,* 201 Mo. App. 436, 212 S. W.

34; *Schmidt* v. *City of Newport,* 184 Ky. 342, 212 S. W. 113;
*Tudor* v. *City of Louisville,* 172 Ky. 429, 189 S. W. 456, 458;
*Lyon* v. *City of Logansport,* 9 Ind. App. 21, 35 N. E. 128, 130;
*Schuler* v. *City of Mobridge,* 44 S. D. 488, 184 N. W. 281, 282;
*O'Brien* v. *City of St. Paul,* 116 Minn. 249, 133 N. W. 981,
983, Ann. Cas. 1913A, 668.

The fact that there was no proof that others had slipped and
fallen at the place in question, I think, is not important.
That, of course, is one way of proving notice or knowledge of
the defect, actual or constructive, on the part of the city, but
it is not the only method of proving such notice or knowledge.

In *O'Brien* v. *City of St. Paul,* supra, the court, in speaking
of similar accidents, said: "It is true that this is only a
species of constructive notice, but evidence of constructive no-
tice is competent." In other words, the plaintiff here had a
right to prove constructive notice otherwise than by the mere
fact that others had slipped and fallen at this particular place.
She did prove constructive notice and knowledge by proving
the length of time that the smooth and slippery condition had
existed, and the question is this: Did it exist a sufficient time,
and was it so obvious to ordinary inspection as to warrant the
inference that the defendant had actual or constructive notice
or knowledge of the existing defect in time to have repaired it?

In *Tudor* v. *City of Louisville,* supra, the court, in speaking
of constructive notice, said: "In order to fasten upon the
municipality liability for an omission to repair the unsafe con-
dition of the street or sidewalk, it must have either actual or
constructive notice of the defect, and such constructive notice
is established when the evidence shows that the defective con-
dition, although not actually known by the city, could have
been known by the exercise of ordinary diligence and care
on its part. If the defect or obstruction had existed for such
a length of time as to have afforded to the authorities of the
city a reasonable opportunity to have discovered it, it would
be charged with constructive notice."

In the case of *Lyon* v. *City of Logansport,* supra, liability
was predicated upon a defect consisting of a portion of a side-

walk becoming worn to the extent that it became smooth and slippery. It is true that in that case others had sustained a similar accident to that of plaintiff. However, the court in discussing the law applicable to the case did not base its decision upon that fact, but said specifically that "where the street has become out of repair, the corporation is also entitled to notice of the defect, which may be either actual or constructive." The court pointed out that the condition had existed for more than ten months, and said: "It was the duty of appellee to use active diligence to discover defects in its streets, while the appellant was only bound to use ordinary care to avoid injury. He had the right, in the absence of knowledge to the contrary, to assume that the crossing was safe, and to act upon this assumption, while at the same time using proper care upon his part."

The applicable rule was stated by the supreme court of South Dakota in *Schuler* v. *City of Mobridge,* supra, as follows: "It is contended by defendant that there is no evidence that the city had notice of the defective condition of this sidewalk. It was not necessary to prove this fact in this case. The evidence shows that the sidewalk in question had been built some time during the summer or fall of the year previous to the accident. It also shows that the condition complained of by plaintiff had existed from the time the walk was built. And the evidence shows that this particular piece of sidewalk was located in the business portion of the town, and was used as much or more than any other piece of sidewalk in the town. These facts and circumstances are sufficient to impute knowledge of the condition of the sidewalk to the officers of defendant."

Finally, I think it is important to keep in mind the fact that the jury viewed the premises in this case. The importance of this is demonstrated and was pointed out by the court in the case of *Cordish* v. *Bloom,* 138 Md. 81, 113 Atl. 578, 582, wherein it said: "But the court, in determining whether there is legally sufficient evidence to entitle the plaintiff to recover to [or?] go to the jury, could take into consideration the fact

234

that the jury had viewed the premises, and could thereby get a better understanding of the conditions, [than?] if evidence as to them had been offered before the court and jury." Here, while the photographs disclose that the corrugations in the iron band of the coal-hole door are discernible, they do not disclose how deep the corrugations may be, or whether the iron band was in fact worn smooth and slippery when passing over it with the foot coming in contact with it not at right angles with the corrugations. The jury had the superior advantage over us in determining whether the defect relied upon was in fact a defect by being enabled to refer the evidence of the witnesses to the observed conditions, and to determine the truth of statements made by the witnesses with reference to the conditions. (*Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889.) This court has often held that it will not overturn the findings of the jury, concurred in by the trial judge, where there is some credible evidence in the record sustaining their findings. (*Nilson* v. *City of Kalispell*, 47 Mont. 416, 132 Pac. 1133; *Sanger* v. *Huguenel*, 65 Mont. 236, 211 Pac. 349; *O'Langan* v. *First State Bank of Hilger*, 59 Mont. 190, 196 Pac. 149; *Gohn* v. *Butte Hotel Co.*, 88 Mont. 599, 295 Pac. 262; *McKeon* v. *Kilduff*, 85 Mont. 562, 281 Pac. 345.) If, though the evidence may appear inherently weak to this court, from any point of view it could have been accepted as credible by the jury, it is binding upon this court. (*Williams* v. *Thomas*, 58 Mont. 576, 194 Pac. 500.) Nor is it sufficient basis for this court to disturb the verdict, approved, as it has been, by the trial court, if we, under the same evidence, might have made a different finding. (*Trogdon* v. *Hanson Sheep Co.*, 49 Mont. 1, 139 Pac. 792.)

Under the evidence, I think the questions of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury, and that their findings, approved by the trial court, should not be disturbed by us. Moreover, if the evidence of plaintiff were lacking in the respects stated in the majority opinion, then the utmost that this court should do is to hold that the court erred in denying defendant's motion for nonsuit, or motion for new trial, and thus enable plaintiff

to again try the case, and, if she is able to do so, to produce the evidence of similar accidents.

Mr. CHIEF JUSTICE SANDS:

I dissent. The only issue in this case is the question of fact as to whether the sidewalk was exceptionally slippery— clearly a question of fact. The Constitution (Art. III, sec. 23) clearly and undisputedly imposes upon the jury the right and duty of determining the facts. The jury viewed the premises, saw and heard the witnesses face to face. Their verdict is final on the facts. In addition, the judge who saw and heard the witnesses concurred in the verdict. The court here usurps the right and duty of the jury and finds the facts in direct contravention of the provision of the Constitution. If the Constitution is not fair or practical, let the people change it in the lawful way. Courts have no right to change it by a forced construction.

Rehearing denied March 18, 1937.