No.   94-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

C. RON WILEY and AUDREY WILEY,
Husband and Wife,

      Plaintiffs and Appellants,

  v.

THE CITY OF GLENDIVE and
THE STATE OF MONTANA,
DEPARTMENT OF TRANSPORTATION,

      Defendants and Respondents.

FILED

AUG 03 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
              In and for the County of Dawson,
              The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Richard A. Simonton, Kevin R. Peterson; Simonton,
          Howe & Schneider, Glendive, Montana

      For Respondents:

          **Kristi** Blazer; Luxan & Murfitt, Helena! Montana
          Gary L. Day; Lucas & Monaghan, Miles City, Montana

                 Submitted on Briefs:   March 2, 1995

                         Decided:   August 3, 1995

Filed:

                             Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Appellants, Ron and Audrey Wiley (the Wileys), filed a negligence action on September 25, 1992, against the State of Montana Department of Transportation (State) and the City of Glendive (City). On October 17, 1994, the District Court Judge for the Seventh Judicial District, Dawson County, granted summary judgment in favor of the State and the City. The Wileys appeal the District Court's final judgment dismissing the Wileys' complaint with prejudice. We affirm.

The Wileys raise the following issue on appeal: Did the District Court err in granting summary judgment?

BACKGROUND

On September 21, 1991, a rainy day, Audrey Wiley slipped on a **metal** pullbox cover on a sidewalk in Glendive and fractured her right ankle in several places. Subsequently, Audrey Wiley underwent three surgeries.

The State installed the cast iron and checkered steel pullbox cover on September 27, 1979. The pullbox was in substantially the same condition on the date of Audrey Wiley's accident as on the date of installation. The concrete surrounding the pullbox was level, but the sidewalk sloped away from the building towards the street. The installation **met** all applicable standards and specifications. Similar pullboxes have been and continue to be installed in sidewalks throughout Montana. In fact, there were no previous reports regarding this cover, nor were there reports of a

slip and fall regarding a pullbox in Montana or elsewhere.

The Wileys filed a negligence action on September 25, 1992, against the State and the City. Following extensive discovery, the State and the City moved for summary judgment, supporting their motions with affidavits of five experts. Although the Wileys did not support their opposition to summary judgment with affidavits, they relied on their expert's deposition to establish a genuine issue of material fact regarding the State and the City's negligence. On September 26, 1994, the District Court Judge for the Seventh Judicial District, Dawson County, granted the State and the City's motions for summary judgment, finding that reasonable minds could not differ concerning an absence of material fact and that the State and the City were entitled to judgment as a matter of law. The Wileys appeal the District Court's final judgment dismissing their complaint.

The Wileys raise the following issue on appeal: Did the District Court err in granting summary judgment?

DISCUSSION

Under Rule 56(c), M.R.Civ.P., summary judgment is proper only when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. The moving party has the initial burden to establish that there are no genuine issues of material fact. Once that burden has been met, the burden then shifts to the party opposing the motion to establish otherwise. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32. Our review of a grant of summary

3

judgment is *de novo*; we use the same criteria as the district court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

Ordinarily, negligence actions involve questions of fact and are not susceptible to summary judgment. Brohman v. State (1988), 230 Mont. 198, 201, 749 P.2d 67, 69. However, when reasonable minds cannot differ, questions of fact can be determined as a matter of law. Brohman, 749 P.2d at 70. For example, if the moving party establishes that one element of a cause of action lacks any genuine issue of material fact and the non-moving party does not come forward with proof that a genuine issue does exist, summary judgment is proper. Hatch v. State Dept. of Highways (Mont. 1994), 887 P.2d 729, 732, 51 St.Rep. 1512, 1514.

The Wileys argue that reasonable minds could differ concerning the absence of material fact and therefore summary judgment was not appropriate. Specifically, the Wileys assert the State and the City "installed, constructed, maintained, and/or operated the metal plate in a dangerous, defective, and unsafe condition," and that four questions of fact establishing the condition remain:

> (1) the location of the pullbox cover in relation to pedestrian traffic; (2) the use of the cast iron cover in an outdoor application when it was known to be twice as slippery as the surrounding cement; (3) lack of any non-skid material to increase the coefficient of friction; and (4) there were no applicable guidelines which establish a standard of minimum friction.

A negligence cause of action has four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. Hatch, 887 P.2d at 732. Duty is the first element of a negligence claim and is a

4

question of law. <u>Hatch,</u> 887 P.2d at 733 (citing Geiger v. Department of Revenue (1993), 260 Mont. 294, 297, 858 P.2d 1250, 1252). The State has the duty to keep its sidewalks and highways in a reasonably safe condition for ordinary use and public travel. Buck v. State (1986), 222 Mont. 423, 429, 723 P.2d 210, 214; Sullivan v. City of Butte (1937), 104 Mont. 225, 226, 65 P.2d 1175, 1175. Furthermore, when the State has notice of a defect and opportunity to act, it has the duty to cure, remove, or warn of that defect. <u>Buck,</u>723 P.2d at 214. Thus, in the case before us, the State and the City had the duty to keep the pullbox and the surrounding sidewalk in a reasonably safe condition and cure, remove, or warn of a defect if one existed.

The second element of a negligence claim is a breach of a duty. <u>Hatch,</u> 887 P.2d at 732. In <u>Sullivan,</u> we applied the duty to exercise ordinary care to keep sidewalks in a reasonably safe condition for public travel to a negligence case involving a slip on a coal-hole cover. <u>Sullivan,</u> 65 P.2d at 1175. To establish a breach of the city's duty, the plaintiff had to show that a defect in the coal-hole cover existed. The issue was whether a reasonable person could have anticipated an accident on a coal-hole cover that had the defect of a worn band around it and was at least an eighth of an inch above the level of the surrounding sidewalk.

Noting that very few, if any, streets or highways can be kept so safe as to preclude the possibility of accidents, we held that when a defect is so slight that no prudent person could reasonably anticipate danger from the defect, but an accident happens that

5

could have been guarded against with extraordinary care and foresight, the question of the defendant's responsibility is one of law. Sullivan, 65 P.2d at 1176. We recognized that courts had denied recovery where the testimony showed that a sidewalk free of any defects was merely slippery and concluded that a reasonable person would not have anticipated that such a slight defect as the worn band around the coal-hole cover would likely cause an accident. Sullivan, 65 P.2d at 1176-77.

In Cooper v. Sisters of Charity (1994), 265 Mont. 205, 209, 875 P.2d 352, 353, the plaintiff caught her foot on a drain gate and fell. She did not come forward with expert testimony and thus was unable to show that the drain gate was unsafe or defective. In other words, she failed to raise a genuine issue of material fact. We concluded that as a matter of law, she failed to prove that the drain gate was unsafe or defective and was entitled to summary judgment. Cooper, 875 P.2d at 355.

In the case before us, the facts are undisputed. The design and construction of the sidewalk, including the pullbox, met all standards and specifications published by all applicable sources. In fact, the pullbox fell well within the range of acceptable inserts; its metal construction also fell well within the range of acceptable materials for inserts.

The Wileys' claim that Lee Ebeling's expert testimony on the physical properties of the cover, the non-existence of code violations, the decision on where to place the box, and the choice of material for the cover raises a genuine issue of material fact.

**However,** Lee Ebeling acknowledged that he was unable to state an opinion on each of the four alleged issues of fact. Specifically, he did not have the requisite background facts to form an opinion on the placement of the **pullbox**. In summary, his testimony failed to establish either a standard of care or a breach of any standard of care.

Thus the issue before us is a question of law; did a defect or dangerous condition exist in the sidewalk of sufficient magnitude to cause a reasonable person to conclude that an accident was likely to occur as a result of that condition and, if so, did the State and the City have notice of the defect. See <u>Sullivan</u>, 65 P.2d at 1176. Although expert testimony established that the **pullbox** was twice as slippery as the sidewalk, the Wileys were unable to demonstrate that this condition fell below any acceptable standard or constituted a defect. Without showing that a defect or dangerous condition existed, the Wileys were not able to show that the State or the City breached its duty to them.

Relying on Johnson **v.** State (Alaska **1981**), 636 **P.2d** 47, 56, the Wileys assert that it is not necessary for the State to have notice when the asserted dangerous condition is caused by the State or the City. Regardless, the Wileys must first show that a dangerous condition or defect existed. The summary judgment record before us does not establish a defect, much less a defect that a reasonably prudent person would have anticipated to cause an accident.

The District Court correctly found that reasonable minds could

7

not differ concerning an absence of a genuine issue of material fact and that the State and the City were entitled to summary judgment as a matter of law. Because we hold that the State and the City did not breach their duty of care, we need not discuss the elements of causation and damages.

AFFIRMED.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

August 3, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Richard A. Simonton
Kevin R. Peterson
SIMONTON, HOWE & SCHNEIDER
P.O. Box 1250
Glendive, MT 59330-1250

Kristi Blazer, Esq.
Luxan & Murfitt
P.O. Box: 1144
Helena, MT 59624-1144

Gary L. Day
LUCAS & MONAGHAN, P.C.
P.O. Box 728
Miles City, MT 59620-1401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *S. Gallagher*
Deputy