No. 00-036

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 384N

SAMUEL TIMOTHY SMITH,

Plaintiff and Appellant,

v.

COREY OLISZCZAK, THE KING COMMUNITY HOME,

and YELLOWSTONE TREATMENT CENTER,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William D'Alton; Brown Law Firm, Billings, Montana

For Respondents:

Laurence R. Martin; Felt, Martin, Frazier, Jacobs & Rapkoch,

Billings, Montana

Submitted on Briefs: August 24, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Samuel Timothy Smith filed this action in the Thirteenth Judicial District Court, Yellowstone County, to recover damages for injuries he suffered while downhill skiing. He alleged that his injuries were caused by Corey Oliszczak, a minor living in the King Community Home foster care group home run by Yellowstone Treatment Centers. The District Court granted summary judgment to the defendants, ruling that Smith had failed to prove any facts to support his theory that the group home defendants were negligent in supervising Oliszczak while skiing. Smith appeals. We affirm.

¶3 The issue is whether the District Court erred in granting summary judgment on the basis that Smith failed to raise an issue of material fact as to the foreseeability that Oliszczak would present a risk to others while skiing.

¶4 A negligence cause of action has four elements: legal duty, breach of that duty, causation, and damages. *Wiley v. City of Glendive* (1995), 272 Mont. 213, 217, 900 P.2d 310, 312. In the face of a defense motion for summary judgment, a plaintiff's failure to establish a material issue of fact as to any one element of the negligence cause of action may warrant summary judgment. *Wiley*, 272 Mont. at 216, 900 P.2d at 312. The existence of the first element, duty, depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. *Estate of Strever v. Cline* (1996), 278 Mont. 165, 173, 924 P.2d 666, 670.

¶5 In this case, the District Court determined that the defendants had a duty to supervise Oliszczak that was commensurate with foreseeable risk. The court determined it was not foreseeable, however, that Oliszczak would create an unreasonable risk to others while

skiing. Smith's disagreement with that determination underlies this appeal.

¶6 Smith asserts that Oliszczak presented a risk to all skiers on Red Lodge Mountain on the day he went skiing there. He points out that a member of the group home's staff admitted that he allowed Oliszczak to ski on an advanced hill alone, in contravention of the group home's general policy that youths were never allowed to be out of a staff member's sight at an event or outing. That admission, however, goes to the standard of care, not to foreseeability.

¶7 Smith points out that Oliszczak had a history of threatening his mother, depression, and stealing. As the District Court noted, though, the record describes Oliszczak as a generally well-behaved resident of the group home. Also, deposition testimony described Oliszczak as a skilled skier. "Based on his past record of being responsible," wrote the District Court, "it is reasonable to assume that [Oliszczak] would ski in a responsible manner and not create an unreasonable risk to others."

¶8 In arguing the defendants' legal duty to him to properly supervise Oliszczak, Smith cites *Lopez v. Great Falls Pre-Release Services, Inc.*, 1999 MT 199, 295 Mont. 416, 986 P.2d 1081. *Lopez* is clearly distinguishable from the present case because it involved the duty to supervise prison inmates, not youths in foster care. Nothing in the record before us indicates that Oliszczak had a propensity for violence or an intent to harm others. Nor is an accident while skiing an intentional or violent act. There is simply nothing to suggest that the defendants had knowledge of a specific risk to an identifiable and foreseeable victim. *See Lopez*, ¶ 28. We conclude that the District Court was correct in ruling that Smith failed to establish an issue of material fact as to the foreseeability that Oliszczak would present a risk to others while skiing. As a result, we hold that the District Court did not err in granting summary judgment for the defendants.

¶9 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART