No. 87-40

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

PENNY WILSON and JOAN CLOS,

       Plaintiffs and Appellants,

-vs-

JOHN DOE and THE STATE OF
MONTANA,

       Defendants and Respondents.

---

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Dowling Law Firm; Thomas F. Dowling, Helena, Montana

    For Respondent:

        Keller, Reynolds, Drake, Sternhagen & Johnson; William
        Sternhagen, Helena, Montana

---

Submitted on Briefs:  May 7, 1987

Decided:   August 7, 1987

Filed: AUG 7 - 1987

*Ethel M. Harrison*

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the First Judicial District, Lewis and Clark County, Montana, from an order granting defendants' motion for judgment on the pleadings on the basis that plaintiff did not state a cause of action.

We affirm.

On February 8, 1985, Joan Clos was driving east on U.S. Highway 12 approximately four miles east of Helena, Montana. A car driven by Mike Wilson was following the Clos vehicle. Penny Wilson was a passenger in this second car. A State of Montana snowplow was headed east on the same highway in front of the two cars. Highway 12 was snowpacked and icy. The complaint of Penny Wilson and Joan Clos alleges that the unknown snowplow operator, John Doe, caused a cloud of snow while operating the snowplow, which enveloped both the Clos and the Wilson vehicles.

Joan Clos decelerated when her visibility was obscured and was able to avoid going off the road or hitting anything. Mike Wilson, whose vision was also impaired, was unable to avoid running into the rear of the Clos vehicle, causing damage to the vehicles and injury to the plaintiffs.

The plaintiffs both settled with Mike Wilson, but wish to also bring charges against the State of Montana and the driver of the snowplow, John Doe, for causing a cloud of snow which allegedly caused the collision. The State of Montana joined Mike Wilson as a third party defendant alleging that his actions were the sole cause of the accident. The District Court granted defendants' motion for judgment on the pleadings, finding that the snowplow driver was merely performing the duties of his job and cannot be held to have acted negligently.

From this order, the plaintiffs appeal.

The sole issue which this Court must address on appeal is whether the District Court erred by holding that the snowplow driver was not negligent and granting defendant's motion for judgment on the pleadings.

Rule 12(c), M.R.Civ.P., allows that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

"In considering a motion on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Wright and Miller, Federal Practice and Procedure. § 1368 (1969).

Plaintiffs' complaint charges negligence against the State of Montana and the driver of the snowplow for creating a cloud of snow while maintaining the highways. The question which we must address is whether, based on the pleadings, the plaintiffs stated a cause of action upon which relief can be granted. Is the creation of a snow cloud, caused by the operation of a State snowplow, negligence?

"The mere happening of an accident is insufficient evidence of negligence." Erickson v. Perrett (1976), 169 Mont. 167, 171, 545 P.2d 1074, 1077.

In Montana, the term "negligence" is defined as "a want of the attention to the nature or probable consequences of the act or omission that a prudent man would ordinarily give in acting in his own concerns." Section 1-1-204(4), MCA.

Neither the complaint, nor the amended complaint of plaintiffs allege any negligent action by the operator of the snowplow, except that as a result of the operation of the snowplow, there was a "sudden cloud of loose snow" which obstructed the vision of the drivers of vehicles following the plow.

In Merithew v. Hill (1958), 167 F.Supp. 320, a Federal District Court of Montana considered whether the creation of a snow cloud by a truck being driven on the snowy highway constituted negligence. In deciding that a snow cloud, in itself, did not constitute negligence, the court pointed out that, "[s]now clouds are hazards which are not infrequently encountered in driving in sub-zero weather on snow packed highways." 167 F.Supp. at 326.

In the instant case, plaintiffs were following a snowplow. It was entirely forseeable that the operator would drop the blade and begin to plow the snow and ice from the road and that a cloud of snow may arise from such plowing. See Erickson, 545 P.2d at 1078.

The complaint fails to allege any negligent actions on the part of the State or its employee in the operation of the snowplow.

Therefore, the order of the District Court granting judgment on the pleadings for defendants, John Doe and the State of Montana is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices