No. 86-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

THERESA CANTWELL,

        Plaintiff and Respondent,

-vs-

AUGUSTA GEIGER, DAWSON COUNTY ASSESSOR;
DAWSON COUNTY BOARD OF COMMISSIONERS;

        Defendants and Respondents,

   and

THE MONTANA DEPARTMENT OF REVENUE,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry G. Schuster, Dept. of Revenue, Helena, Montana

    For Respondents:

        Ira Eakin, Billings, Montana  (Cantwell)
        Matthew W. Knierim; Gallagher, Archembeault & Knierim,
        Glasgow, Montana  (Geiger)
        Rodney Hartman; Herndon, Harper & Munro, Billings,
        Montana  (Dawson County)

---

Submitted on Briefs: July 23, 1987

Decided: September 15, 1987

Filed: SEP 1 5 1987

Ethel M. Harrison
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


This is an appeal from the First Judicial District, Dawson County, Montana. The Montana Department of Revenue (DOR) appeals from an order granting a motion for summary judgment in favor of the Dawson County Commissioners, dismissing them with prejudice.

We affirm the order of the District Court.

The issues raised for our review on appeal are as follows:

1. Whether the District Court erred in granting summary judgment to the Dawson County Commissioners.

2. Whether the District Court erred in finding that no liability could be imputed to the Dawson County Commissioners for any wrongful acts of the Dawson County Assessor.

3. Whether the District Court erred in finding that the Dawson County Assessor was an agent of the DOR pursuant to § 15-8-102, MCA.

The facts relevant to this appeal concern the Dawson County Assessor's job and who was responsible for Augusta Geiger's actions as her employer and supervisor.

Augusta Geiger was elected to the position of Dawson County Assessor in November, 1978. The position is a four year term. In 1982, Theresa Cantwell ran against Geiger for the job of assessor. Cantwell had been a clerk in the Assessor's Office since 1976. She lost the election to Geiger, but continued working in the Assessor's Office following the November, 1982, election. Cantwell now alleges that after losing the election to Geiger, she was subjected to political harassment to such a degree as to force her to quit her job as clerk in the office in January, 1983. In

April, 1984, Cantwell filed a complaint against Augusta Geiger, the Dawson County Board of Commissioners and the Montana DOR charging political harassment.

Following extensive discovery by all parties, the District Court found that the Dawson County Commissioners were not liable for Geiger's actions and dismissed the Commissioners from this law suit.

The issues raised on appeal will be discussed as one: Is DOR, as Augusta Geiger's employer, liable for her actions while she was County Assessor?

The well-established rule in Montana is that summary judgment is proper only where there is no genuine issue of material fact. Rule 56(c), M.R.Civ.P. Once this burden has been met, the opposing party must demonstrate the existence of a genuine issue of fact. Fleming v. Fleming Farms, Inc. (Mont. 1986), 717 P.2d 1103, 1106, 43 St.Rep. 776, 779. If the party opposing summary judgment fails to show any genuine issue of material fact, the law requires that summary judgment be granted in favor of the movant. Wagner v. Glasgow Livestock Co. (Mont. 1986), 722 P.2d 1165, 1168, 43 St.Rep. 1352, 1354.

The main dispute in this appeal concerns the amount of supervisory control by the County Commissioners over the County Assessor.

Section 7-4-2110, MCA, states:

Supervision of county and other officers. The board of county commissioners has jurisdiction and power, under such limitations and restrictions as are prescribed by law, to:

(1) supervise the official conduct of all county officers and officers of all districts and other subdivisions of the county charged with assessing, collecting, safekeeping, management, or disbursement of the public revenues;

(2)  see that they faithfully perform their duties;

(3)  direct prosecutions for delinquencies; and

(4)  when necessary, require them to renew their official bonds, make reports and present their books and accounts for inspection.

County officers include the County Assessor.  Section 7-4-2203(1)(i), MCA.

In 1973, § 15-8-102, MCA, was amended to make county assessors agents of DOR.  Prior to that time each of the 56 counties in Montana assessed property with a local appraisal system.  The amended statute was intended to centralize and equalize property assessments statewide.

The record before this Court reflects that following the 1973 amendment, the County Commissioners in Dawson County treated the County Assessor with a "hands-off" policy with respect to the internal operations of the Assessor's Office.

The Board met with the Assessor on occasion but primarily only when the office operations affected the county budget as a whole.  For example, around the date of filing of this lawsuit by Theresa Cantwell, the Board became aware that there were serious delays in the Assessor's Office which, if not rectified, would impact the entire Dawson County accounting and budget for that year.  The Commissioners contacted DOR in Helena requesting that something be done to remedy the situation.  However, the Commissioners did not undertake to resolve the problems themselves.  The combined testimony of various County Commissioners state that the Commissioners' only concern with the Assessor's Office is the timeliness of their work.  The Commissioners' understanding is that any problem within the Assessor's Office is a problem for DOR.  There is nothing in the record to support the State's allegation that the Commissioners exercised

- 4 -

supervision and control over the activities of the Assessor's Office. Extensive deposition testimony reveals a working relationship between the Assessor's Office (located in the County Courthouse) and the County Commissioners, but no immediate supervision or directives issue from the Board with regard to any operations within the Assessor's Office.

Testimony of Augusta Geiger reveals that she, too, believed that her immediate supervisor was an agent of DOR in Helena. Likewise, throughout the period between the 1982 election and Theresa Cantwell's resignation from the Assessor's Office, Cantwell telephoned and wrote letters to the Helena DOR office in an attempt to resolve the personnel problems in the office. She did not attempt to solicit the Commissioners' help.

The Assessor's Office employees were paid through DOR. Any termination of employees in the Dawson County Assessor's Office was done through Geiger's supervisor in Helena. DOR provided directives to all county assessors informing them of the correct assessment for all types of property. Whenever questions concerning the operations or functioning of the office arose, a DOR employee in Helena was contacted for guidance or help. The record shows that primarily the Board of Commissioners was called upon for advice or to relay information when problems in the Assessor's Office were having an affect on the budgets or accountings of other county offices. All problems which were not internally resolved by the Assessor's Office were referred to DOR, not to the County Commissioners.

Section 7-4-2110, MCA, gives the county commissioners supervisory power over the county assessors "under such limitations and restrictions as are prescribed by law . . ." Section 15-8-102, MCA, is such a limitation prescribed by law. This much newer statute makes the county assessor an

agent of DOR.  In construing a statute, this Court presumes that the legislature intended to make some change in existing law by passing it.  State ex rel. Dick Irvin, Inc. v. Anderson (1974), 164 Mont. 513, 524, 525 P.2d 564, 570.  The changes made in 1973 removed supervision of all internal operations of the Assessor's Office from the County Commissioners and placed it with DOR.

In light of the record and foregoing discussion, we agree with the finding that there is no genuine issue of material fact as to the Dawson County Commissioner's supervisory control over the Dawson County Assessor.  The order granting summary judgment in favor of the Dawson County Commissioners is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 6 -