NO.   94-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

LINDA JOANN HATCH, Individually and as
Conservator of the Estates of Wade Russell
Hatch, J. Adam Hatch, Carson Miles Hatch
and Crystal Marie Hatch, Minors, and CARRIE HATCH,

Plaintiffs and Appellants,

vs.

STATE OF MONTANA DEPARTMENT OF HIGHWAYS,

Defendant and Respondent,

LINDA JOANN HATCH, Personal Representative
of the Estate of J. Calvin Hatch, deceased,

Plaintiff and Appellant,

vs.

STATE OF MONTANA DEPARTMENT OF HIGHWAYS,

Defendant and Respondent,

FILED

DEC 23 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

BRENDA I. DEMERS, a single person and
SANDRA MARIE HOLLISTER, a single person,

Plaintiffs and Appellants,

vs.

STATE OF MONTANA DEPARTMENT OF HIGHWAYS,

Defendant and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Frank B. Morrison, Jr.; Morrison Law offices, Whitefish, Montana

Jay DeMers, Attorney at Law, Seattle, Washington

Benjamin W. Hilley; Hilley & Loring, Bigfork, Montana

For Respondent:

Sherman Lohn and Steve Carey; Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs: September 15, 1994

Decided: December 23, 1994

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court

Linda Joann Hatch (Hatch) and Brenda DeMers (DeMers) appeal from an opinion and order of the Fourth Judicial District Court, Missoula County, granting partial summary judgment in favor of the State of Montana Department of Highways. We affirm.

We restate the issues on appeal as follows:

1. Did the District Court err in granting summary judgment on the State's liability for Beatty's pulling the snowplow onto the highway in front of the Hatch vehicle?

2. Did the District Court err in granting summary judgment on the State's liability for using a snowplow to remove hardpack snow and ice from Highway 83?

This lawsuit arose out of an automobile accident occurring on December 20, 1990. On that date, the Hatch family was traveling north on Highway 83 in a station wagon driven by Calvin Hatch. The weather was overcast and cold, and the highway was covered with a hardpack of snow and ice.

While the Hatch family was traveling north on Highway 83, Lee Beatty (Beatty), an employee of the Montana Department of Highways (State), began plowing the highway southbound from the Rainy Lakes Shop. A piece of heavy equipment called a "motor patrol" usually is utilized to remove the hardpack snow and ice; motor patrols travel very slowly and literally cut the snow and ice off the road. Unlike plows, they discharge excess snow and ice slowly off to the side; thus, the snow plumes--clouds of snow and ice--created by

3

snowplows do not occur.

On the date of the accident at issue here, however, the Rainy Lakes motor patrol was inoperable and, therefore, Beatty's supervisor directed him to remove the hardpack with a regular snowplow. After plowing south for a few miles, Beatty turned the plow around and began heading north, directly in front of the Hatch vehicle. Joann Hatch, who had been sleeping, remembers her husband Calvin commenting on the fact that a snowplow was pulling out in front of them. Calvin slowed the car from a speed of 45 to 50 miles per hour to 30 to 35 miles per hour to follow the plow. The accident occurred between 45 seconds and one minute after the plow pulled onto the highway. Wade Hatch, age fourteen at the time, recalls that once the plow pulled in front of them it was "icy" and hard to see.

The accident occurred on an "S" curve on Highway 83, approximately 170 feet north of mile marker 23. Beatty testified that when he entered the curve, he had to move the plow a couple of feet to the right in order to remain in his own lane and avoid a southbound pickup truck driven by DeMers. When Beatty took this corrective action, the plow bit into the snow berm on the right side of the road and created a larger snow plume. The Hatch and DeMers vehicles collided a few moments later. Calvin Hatch died as a result of the collision, and all other occupants of the Hatch and DeMers vehicles were injured.

Hatch and DeMers sued the State for negligence, asserting a number of negligent acts. They claimed that the snow plume blinded

Calvin Hatch, resulting in the collision, and that the State's negligent acts caused the accident.

The State moved for, and was granted, summary judgment on its liability relating to: (1) Beatty's pulling the plow onto the highway in front of the Hatch vehicle; and (2) delayed maintenance of the motor patrol, and the resulting decision to use the snowplow to remove the hardpack of snow and ice. As to these issues, the District Court determined that no genuine issue of material fact existed regarding the requisite proximate cause element, and concluded that the State was entitled to summary judgment as a matter of law on these portions of the negligence claim against it. Beatty's alleged negligence in operating the snowplow after entering the highway, including speed and overall control of the plow, remained for trial.

The case was tried to a jury and resulted in a verdict for the State. Hatch and DeMers appeal from the District Court's grant of summary judgment to the State on those portions of their negligence claim related to Beatty's pulling the plow onto the highway in front of the Hatch vehicle and the decision to use the snowplow to remove the hardpack.

Regarding Beatty's entry onto the highway in front of the Hatch vehicle, appellants assert that the plow "trapped" the Hatch vehicle in the snow plume, and that the reduced visibility from the plume caused the collision. Regarding the use of the snowplow on the hardpack, appellants contend that the selection of a plow was negligent because a plow is difficult to control when used to

remove hardpack snow and ice. They argue that Beatty's difficulty in controlling the plow while removing the hardpack caused him to have to change course to avoid DeMers, thereby hitting the snow berm on the right side of the highway and creating a larger plume of snow. In essence, appellants argue that these issues were so intertwined with the remainder of their negligence action that the District Court's grant of partial summary judgment effectively prejudiced their ability to try the case.

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review an order granting summary judgment by applying the same criteria as the district court. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214.

In a negligence action, a plaintiff must prove four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. U.S.F. & G. v. Camp (1992), 253 Mont. 64, 68, 831 P.2d 586, 589. Ordinarily, issues of negligence are questions of fact not susceptible to summary adjudication. Dillard v. Doe (1991), 251 Mont. 379, 382, 824 P.2d 1016, 1018 (citations omitted). However, if the defendant establishes the absence of a genuine issue of material fact as to any one of the elements constituting the cause of action, and the plaintiff fails to come forward with proof establishing the existence of a genuine issue as to that element, summary judgment in the defendant's favor is proper. See White v. Murdock (Mont. 1994), 877 P.2d 474, 476, 51 St.Rep. 547, 548. Any

6

inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment. Boylan v. Van Dyke (1991), 247 Mont. 259, 266, 806 P.2d 1024, 1028.

> 1. Did the District Court err in granting summary judgment on the State's liability for Beatty's pulling the plow onto the highway in front of the Hatch vehicle?

For the purpose of analyzing this issue, we need not address either the duty or breach of duty elements of appellants' claim that Beatty pulled onto Highway 83 in front of the Hatch vehicle in an unsafe manner which constituted a hazard. We focus directly on the causation element because, even if Beatty breached a duty--which we do not decide here--the appellants did not establish a genuine issue of material fact regarding whether such a breach was the proximate cause of the accident.

The causation element of a negligence claim includes two components: (1) that the defendant's act is the cause-in-fact of the injury; and (2) that the injury is the direct or indirect result, proximately caused by the negligent act. U.S.F.& G., 831 P.2d at 589; Kiger v. State of Montana (1990), 245 Mont. 457, 459, 802 P.2d 1248, 1250. Stated differently, proximate cause is an act or omission which, "in a natural and continuous sequence, unbroken by any new, independent cause, produces injury, and without which the injury would not have occurred." Bickler v. Racquet Club Heights Assoc. (1993), 258 Mont. 19, 23, 850 P.2d 967, 970; quoting Young v. Flathead County (1988), 232 Mont. 274, 282, 757 P.2d 772, 777. We review the record on summary judgment resolving any inferences in favor of appellants, as the parties opposing the

State's motion.  See Boylan, 806 P.2d at 1028.

The following facts relating to causation are not in dispute. Joanne Hatch admits that in response to the snowplow pulling out in front of their vehicle, Calvin Hatch was able to keep the car under control, had no trouble slowing down despite the icy conditions, and had no trouble keeping the vehicle in his own lane while following the plow.  These facts are confirmed by Wade and Adam Hatch, ages fourteen and twelve at the time of the accident.  Wade Hatch testified that, when the plow entered Highway 83, his father slowed down to match the speed of the plow by "applying the brakes a little bit."  More importantly, each alert Hatch passenger admitted that 45 seconds to one minute elapsed between the plow pulling out in front of the car and the accident.

Appellants argue that, despite the deposition testimony establishing that no hazard was created by the manner in which Beatty entered the highway, they raised a genuine issue of material fact regarding causation in that "the snowplow was pulled abruptly in front of the Hatch vehicle and [Calvin Hatch] had to brake in order to keep from hitting the snowplow" and, as a result, that the Hatch vehicle was "t-rapped" behind the plow. In essence, appellants rely on the mere fact that Calvin Hatch braked a little to slow down behind the plow as raising a genuine issue of material fact with regard to whether Beatty's entry onto the highway caused the accident.  We disagree.

Stretched to its outer limit, the summary judgment record before us might be susceptible to a determination that the mere

8

entry of the snowplow onto the highway--without regard to the manner of that entry--was, in and of itself, a cause-in-fact of the accident. That is, absent the plow being on the highway at all, the accident would not have occurred; to some, this might be sufficient to meet the traditional "but for" test incorporated in the Bickler definition of proximate cause via the language "and without which the injury would not have occurred." See Bickler, 850 P.2d at 970. Of course, such an interpretation would not relate in any way to appellants' contention here that it was the abrupt manner in which Beatty entered the highway that caused the accident.

The record is clear, however, that Beatty's entry onto the highway, in whatever manner, was not a proximate cause of the accident. The relevant deposition testimony is undisputed that from 45 seconds to one minute elapsed between the plow's entry onto the highway and the accident, and that Calvin Hatch kept his vehicle under complete control during that time. Appellants presented no evidence that he had insufficient time to adjust to the presence of the snowplow on the highway.

Under such circumstances, we conclude that no genuine issue of material fact exists regarding whether the accident was the direct or indirect result of Beatty's entry onto the highway. See U.S.F.&G., 831 P.2d at 589. Nor does a genuine issue of material fact exist regarding whether that entry onto the highway produced injury in a natural and continuous sequence. See Bickler, 850 P.2d at 970. Absent a genuine issue of material fact on the proximate

cause element, therefore, summary judgment in the defendant's favor is proper.  See White, 877 P.2d at 476.

Appellants attempt to interweave this issue with the factual issues relating to Beatty's alleged negligence in operating the snowplow.  They assert that their inability to present evidence to the jury regarding the manner of entry onto the highway "gutted" their case.  Nothing could be further from the truth.

It is clear that, whatever the cause of this accident may have been, the accident was not proximately caused by the manner in which Beatty entered the highway.  Beatty's actual operation of the plow while on the highway followed the plow's entry thereon. Beatty's allegedly negligent operation of the plow--including the speed at which he operated it and his failure to properly control it--was fully tried to, and rejected by, the jury.

We hold that the District Court did not err in granting summary judgment on the State's liability for Beatty's pulling the plow onto the highway in front of the Hatch vehicle.


2. Did the District Court err in granting **summary** judgment on the State's liability for using a snowplow to remove hardpack snow and ice from Highway 83?

Appellants contend that the State's selection of a snowplow, which their expert testified via deposition has a tendency to pull to the left when being used to remove hardpack, was negligent because it caused Beatty difficulty in controlling the plow. Because of the difficulty, appellants claim Beatty had to overcorrect to avoid DeMers and, in doing so, created an even

larger plume of snow. They contend that the District Court erred in granting summary judgment on this claim and, as a result, in refusing to let the jury hear related evidence.

The existence of a duty is the first element of a negligence claim; absent the existence of a duty, no negligence claim can be maintained. See White, 877 P.2d at 476; Geiger v. Montana Dept. of Revenue (1993), 260 Mont. 294, 297, 858 P.2d 1250, 1252. The existence of a duty is a question of law. Geiger, 858 P.2d at 1252.

The State has a duty to exercise ordinary and reasonable care in maintaining Montana's highways. See Townsend v. State (1987), 227 Mont. 206, 209, 738 P.2d 1274, 1276. For the purpose of this opinion, we will presume that this duty extends to using the same degree of care in removing snow from Highway 83. Appellants cite no legal authority, however, for the existence of a separate duty by the State to use a particular piece of equipment in meeting its duty of care regarding highway maintenance. We cannot conclude that appellants established a duty requiring the State to select a particular piece of equipment for snow and hardpack removal.

Absent a duty, no breach of duty can be established and no negligence action can be maintained. Geiser, 858 P.2d at 1252. Thus, the expert deposition testimony presented to the District Court during the summary judgment proceedings--to the effect that the plow, when used for the purpose Beatty was operating it, would tend to be difficult to control--had no bearing on summary judgment because of appellants' failure to establish the existence of a duty

11

to support this claim.

Similarly, the causation element of a negligence action does not come into play unless and until a duty and breach have been established. Even if a duty existed and was breached here, appellants' effort to establish the necessary causal connection between the duty to select another piece of equipment to plow the road and the accident at issue would face the same barriers addressed in issue number one.

The fact is that, given controlling precedent and the jury's verdict for the State regarding Beatty's negligence in operating the snowplow, appellants ultimately could not have prevailed on their negligence action against the State regarding selection and use of the plow. The mere creation of a plume by a snowplow, standing alone, is not sufficient to establish negligence. Wilson v. Doe (1987), 228 Mont. 42, 740 P.2d 687. Allegations of negligent _operation_ of the plow, separate and apart from the creation of the plume, must be alleged and proved. See _Wilson_, 740 P.2d at 689.

Here, unlike in _Wilson_, appellants did allege negligence by Beatty in operating the snowplow. Those alleged negligent acts related to the speed at which Beatty operated, and his overall control of, the plow. Appellants came forward with evidence regarding these acts during the summary judgment proceedings and, as a result, established genuine issues of material fact as to Beatty's negligence in operating the plow. For that reason and relying on _Wilson_, the District Court properly declined to enter

12

full summary judgment for the State. Appellants then presented their evidence regarding Beatty's alleged negligent operation of the plow to the jury, and the jury returned a verdict for the State.

We conclude that the District Court did not err in granting summary judgment to the State on the issue of its use of a snowplow to remove the hardpack from Highway 83. Even if error had been established in that regard, however, the error would be harmless given the jury's ultimate verdict in the State's favor regarding the manner in which Beatty operated the snowplow.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

13

Justice William E. Hunt, Sr., dissenting.

I disagree with the majority's conclusion that appellants did not establish a genuine issue of material fact as to whether Beatty's entry into the highway was the proximate cause of the accident.

Linda Hatch testified that she was startled out of a sleep by the slowing of their car, and her husband's comment that the snowplow was going to pull out right in front of their car. The record shows that the snowplow did pull out in front of the Hatchs' car causing them to slow and trapping them until the accident occurred. The fact that Calvin Hatch was able to keep the car under control despite the icy conditions in no way mitigates the potential negligence of Beatty's entry into the Hatchs' pathway. The record shows that within 45 seconds to one minute, the accident occurred after the Hatch's car was blanketed by a snow plume caused by Beatty's attempt to abruptly withdraw from the wrong lane back into the correct lane. It is at least a question of material fact as to whether by pulling in front of and trapping the Hatchs, the accident which occurred 45 seconds later happened in a natural and continuous sequence, unbroken by any new, independent cause.

There is nothing in the record or the majority's opinion to show that respondents met their burden of providing the court with evidence which excludes any real doubt as to the existence of a genuine issue of material fact regarding proximate cause. The record supports a conclusion that as to the issue of proximate

14

cause there exists a genuine issue of material fact that should have been presented to the jury.

I would reverse the District Court's granting of respondent's motion for summary judgment.

_____
Justice

Justice Terry N. Trieweiler joins in the foregoing dissenting opinion.

_____
Justice

December 23, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Frank B. Morrison, Jr.
MORRISON LAW OFFICES
P. 0. Box 1090
Whitefish, MT 59937-1090

Jay DeMers
Attorney at Law
2200 Sixth Avenue, Suite 1250
Seattle, WA 98121

Benjamin W. Hilley
HILLEY & LORING
P. 0. Box 1319
Bigfork, MT 59911

Sherman Lohn & Steve Carey
GARLINGTON, LOHN & ROBINSON
P. 0. Box 7909
Missoula, MT 59807-7909

David W. Lauridsen
BOTHE & LAURIDSEN
P. 0. Box 2020
Columbia Falls, MT 59912

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy