NO.   94-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DONALD WEIBERT,

     Plaintiff and Appellant,

  v.

BRUCE BOOTHE and DENISE BOOTHE,

     Defendants and Respondents.

FILED
MAY 14 1996
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Paul E. Toennis (argued), Oliver, Graves, Toennis &
        Gustafson, Billings, Montana

     For Respondent:

        K. Kent Koolen (argued), Moulton, Bellingham, Longo
        & Mather, Billings, Montana

     For Amicus:

        L. Randall Bishop, Jarussi & Bishop, Billings,
        Montana (Montana Trial Lawyers Assn.); Maxon R.
        Davis, Cure, Borer & Davis, Great Falls, Montana;
        Ward E. Taleff, Alexander, Baucus, Taleff & Paul,
        Great Falls, Montana (Montana Defense Trial Lawyers,
        Inc.)

                    Heard:   December 12, 1995
           Submitted:   December 14, 1995

              Decided:  May 14, 1996

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant, Donald Weibert (Weibert), appeals an order of the Thirteenth Judicial District Court, Yellowstone County, granting Respondents', Bruce and Denise Boothe (Boothes), motion for summary judgment in a negligence action for personal injury.

We affirm.

Appellant raises several issues on appeal, which we restate as follows:

1. Did the District Court fail to apply the appropriate standard of review for a summary judgment motion in a negligence action?

2. Did the District Court err in concluding that Boothes did not owe Weibert a duty of care as a possessor of land?

3. Did the District Court err by not finding that a genuine issue of material fact existed as to the Boothes' creation of an unreasonable risk?

4. Did the District Court err in granting summary judgment because there were genuine issues of material fact as to the proximate cause of Weibert's injury?

## FACTS

In the summer of 1991, Donald Weibert worked as an independent contractor, helping Bruce and Denise Boothe harvest their grain crop. Weibert owned this particular farm, but had been leasing it to the Boothes since 1983. Next to a shop on the Boothes' farm both parties had parked a variety of farm equipment. Included in this equipment was a hay grapple owned by the Boothes, (a grapple is a large piece of equipment with downward sloping metal teeth). Over time, weeds had grown up around the Boothes' grapple.

On the day of the incident, Weibert and his son were in the shop repairing a combine. While Weibert's son worked, a spark ignited the weeds next to the grapple. Weibert noticed the smoke and tried to stamp out the fire. In his brief, Weibert alleges that, while stamping, "something happened" to his leg and he fell into the fire. The fire was eventually doused with a bucket of water and a fire extinguisher. After the fire was out, Weibert noticed that his knee was bleeding. This is the extent of Weibert's description of the occurrence of the injury.

Weibert filed a negligence action against the Boothes two years later in February 1993, for personal injury. The Boothes filed a motion to dismiss in May, which the District Court denied. In July 1994, the Boothes moved for summary judgment. The District Court granted this motion in September 1994. Weibert appeals.

## DISCUSSION

Did the District Court fail to apply the appropriate standard of review for a summary judgment motion in a negligence action?

3

When reviewing a grant of summary judgment, this Court applies the same standard of review as a district court. Cooper v. Sisters of Charity of Leavenworth Health Services Co. (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P

Weibert argues the District Court did not apply the "more stringent" standard of review for negligence actions when reviewing the Boothes' motion for summary judgment. He argues the District Court failed to require the Boothes' to establish that no material fact issue existed.

Weibert's contention that courts employ a "more stringent" standard for summary judgment in a negligence action may be correct, but while a negligence action may not be as amenable to summary judgment as other actions, it does not follow that negligence actions are immune from a motion for summary judgment. Cooper, 875 P 2d 352; Fauerso v. Maronick Construction Co. (1983), 203 Mont. 106, 661 P.2d 20; and Krone v. McCann (1982), 196 Mont. 260, 638 P.2d 397.

On a motion for summary judgment, initially the moving party must establish that no genuine material fact exists. Cooper, 875 P.2d at 353-54. If the moving party succeeds, the non-moving party must proffer substantial evidence showing genuine issues of material fact exist. First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 303, 794 P.2d 679, 681.

4

Both parties agree on what happened; the Boothes placed a hay grapple in the farm yard along with other farm equipment. The Boothes did not start the fire, nor did they have anything to do with the injury which occurred when Weibert attempted to stamp out the flames. In this case, the moving party, the Boothes, had satisfied their burden and the District Court found the basic facts of the case to be undisputed.

A cause of action in negligence consists of four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. Hatch v. Dept. of Highways (1994), 269 Mont. 188, 192, 887 P.2d 729, 732. The plaintiff must produce evidence from which it can be reasonably inferred that negligent conduct on the part of the defendant was a cause of the plaintiff's injuries. Krone, 638 P.2d at 400. In this case, as in Krone, the plaintiff is not exactly sure what caused his injury. He alleges that "during the time he was attempting to stamp out the fire, something happened to his leg." Weibert has failed to produce evidence from which the element of causation can be inferred.

After the Boothes satisfied the burden of showing that no material issues of genuine fact were in dispute, the burden shifted to Weibert to proffer evidence and raise an issue of material fact. Krone, 638 P.2d at 401. We conclude that Weibert has failed to meet this burden, the only ambiguity in this case stems from Weibert's inability to recall the details of the injury.

Since Weibert was unable to provide either the District Court or this Court with any material issue of fact in this case, and the

Boothes are entitled to summary judgment as a matter of law, we affirm the District Court's grant of summary judgment.

Having concluded that the District Court was correct in granting the defendant s motion for summary judgment, we need not review the remaining issues.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6