GUS & JACKS TIRE SHOP, dba Big O Tire, a Montana Corporation, Plaintiff–Appellant,

v.

REZNOR, a unit of Thomas & Betts Corporation, Defendant–Appellee.

Gus & Jacks Tire Shop, dba Big O Tire, a Montana Corporation, Plaintiff,

and

Allstate Insurance Company Plaintiff–Intervenor/Appellant,

v.

Reznor, a unit of Thomas & Betts Corporation, Defendant–Appellee.

Nos. 99–35940, 99–35941.
D.C. No. CV–96–00120–RFC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Decided April 19, 2001.

3. *Id.*

Before WOOD, Jr.,* TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

### OVERVIEW

Gus & Jack's Tire Shop ("Gus & Jacks") brought this action against Reznor seeking damages sustained as a result of a fire that occurred on its premises. The fire was allegedly caused by an improperly installed Reznor heater. Gus & Jacks asserted liability based on negligence, agency, and breach of warranty. Reznor moved for and was granted summary judgment on all claims. As the parties are familiar with the facts of this case, we recount them

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation.

here only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court.

### DISCUSSION

Gus & Jacks raises three issues on appeal: (1) whether a genuine issue of material fact exists regarding the existence of an agency relationship between Reznor and Hill; (2) whether the district court properly concluded as a matter of law that Reznor cannot be held liable for Hill's actions under the theories of negligent supervision and negligent training; and (3) whether the district court correctly determined that Reznor cannot be held liable under the theory that Hill was an independent contractor engaged in an inherently dangerous activity. We review each claim de novo. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000).

1. Agency

Gus & Jacks claims that the district court erred in granting Reznor summary judgment on the issue of agency. We disagree.

a. *The District Court Properly Concluded that Hill was Not an Actual Agent for Reznor*

██ In Montana, actual agents are statutorily defined as persons who are "really employed by the principal." MONT. CODE ANN. § 28–10–103. "An individual is an employee of another when that other has the right to control the details, methods, or means of accomplishing the individual's work." *Butler v. Domin*, 15 P.3d 1189, 1194 (Mont.2000) (citing *Fandrich v.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Capital Ford Lincoln Mercury*, 272 Mont. 425, 901 P.2d 112, 115 (1995)). The Montana Supreme Court has identified four factors that guide its inquiry of whether a right of control exists sufficient to give rise to an employer-employee relationship: (1) method of payment; (2) furnishing of equipment; (3) right to fire; and (4) direct evidence of right or exercise of control. *Butler*, 15 P.3d at 1194-95.

■ Each of the above factors cuts against Gus & Jacks' claim that Hill was an actual agent for Reznor. First, it is undisputed that Hill never received any form of salary or commission from Reznor. Second, the district court noted that Reznor did not supply Hill with tools, vehicles, or other supplies. Third, Reznor had no authority to fire Hill. Fourth, Reznor did not have the right to control Hill's actions in any significant manner. As noted by the district court, Hill was free to work whenever, wherever, for whomever, and on whatever he desired. Moreover, it is undisputed that Reznor never inspected Hill's work or his premises, nor did Reznor oversee or inspect Hill's installation of Gus & Jacks' waste oil heater. The Montana Supreme Court has concluded that such factors discredit assertions of actual agency. *See Elkins v. Husky Oil*, 153 Mont. 159, 455 P.2d 329, 332 (Mont.1969) (affirming a motion for summary judgment on the issue of agency where a gas station owner was unrestricted in his ability to determine the daily business hours and the methods of doing business).

Therefore, the district court properly concluded that no actual agency existed between Reznor and Hill.

b. *The District Court Correctly Concluded that No Ostensible Agency Existed Between Reznor and Hill*

■ A putative principal may be held liable for the acts of its ostensible agents. *Butler*, 15 P.3d at 1195. "An ostensible agency exists when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent who is not really employed by him." MONT.CODE ANN. § 28-10-103. Thus, to defeat Reznor's motion for summary judgment, Gus & Jacks must prove that Reznor either intentionally or negligently caused Gus & Jacks to reasonably believe that Hill was Reznor's agent. Gus & Jacks has failed to make such a showing.

■ In support of its ostensible agency claim, Gus & Jacks relies primarily on the fact that Reznor failed to object to Hill's use of the Reznor name on his checks. This fact, Gus & Jacks argues, is sufficient to defeat a motion for summary judgment. Its argument is baseless.

Gus & Jacks' claim that Reznor's acquiescence to Hill's use of the Reznor name on his checks created a reasonable impression of agency is contradicted by Montana law. *See Sunset Point P'ship v. Stuc-O-Flex Intern., Inc.*, 287 Mont. 388, 954 P.2d 1156 (Mont.1998). In *Sunset*, Greg Wolstein, d/b/a Stuc-O-Flex Systems, was hired by Sunset Point to apply Stuc-O-Flex, a synthetic stucco product, to the exterior surface of condominiums. *Id.* at 1158. When the Stuc-O-Flex began to peel off the condominiums, Sunset Point brought suit against Stuc-O-Flex, Inc., claiming vicarious liability pursuant to a theory of either actual or ostensible agency. *Id.* at 1159. In support of its claim, Sunset Point noted that Wolstein had signed the construction contract as "Stuc-O-flex Systems by Greg Wolstein" and that Stuc-O-Flex, Inc.'s predecessor, Perma-Chink, did not object to Wolstein's use of the Stuc-O-Flex name. *Id.* at 1161. Rejecting Sunset Point's agency claim, the Montana Supreme Court held that the "mere use of an alleged principal's name, without some other 'holding out,' does not,

by itself, create an ostensible agency." *Id.* (citing *Elkins*, 455 P.2d at 333). Thus, under Montana law, Reznor's failure to object to Hill's use of the Reznor name on his checks is insufficient to support an ostensible agency claim.

## 2. Negligent Supervision and Training

Gus & Jacks alleges that even if Reznor cannot be held vicariously liable for the negligence of Hill, Reznor remains directly liable for failing to properly train and supervise Hill. This claim lacks merit.

Gus & Jacks' negligent training claim cannot survive summary judgment. It is undisputed by the parties that Hill was given an installation manual by Reznor, which he was instructed to follow when installing Reznor heaters. It is further agreed upon by the parties that had Hill followed these instruction, the fire most likely would not have occurred. Even if we accept as true Gus & Jacks' allegation that the training seminars attended by Hill were merely "shams," there is nothing in the record suggesting that the inadequacy of the training programs resulted in Hill's inability to follow, or willful disregard of, the instruction manual provided by Reznor.

■ To resolve Gus & Jacks' negligent supervision claim, we must first ascertain whether Reznor had a duty to supervise Hill. *See Hatch v. Montana*, 269 Mont. 188, 887 P.2d 729, 733 (Mont.1994). We conclude that it did not. The absence of an agency relationship between Reznor and Hill, in addition to the complete lack of notice to Reznor that Hill would stray from the instruction manual, proves that Reznor had no duty to supervise Hill's installation of Gus & Jacks' heater. *See Blough v. Hawkins Market, Inc.*, 51 F.Supp.2d 858, 866 (N.D.Ohio 1999) ("[T]o state a claim for negligent supervision, the plaintiff must show ... that the employ-

ee's conduct was reasonably foreseeable and that the employer had actual or constructive knowledge that the employee was unfit for the position.").

## 3. Inherently Dangerous Activities by an Independent Contractor

■ The general rule in Montana is that an employer is not liable for the acts or omissions of his independent contractor. *See Beckman v. Butte–Silver Bow County*, 299 Mont. 389, 1 P.3d 348, 350 (Mont.2000). This rule does not apply, however, when the activity engaged in by the independent contractor is inherently dangerous. *Id.* Thus, "an employer of an independent contractor has a duty to provide for precautions when the employer knows or should know that the work engaged in by the independent contractor is inherently dangerous." *Id.* at 354. Gus & Jacks maintains that Reznor is liable under this exception. We find this claim unpersuasive.

Even assuming that Hill was an independent contractor for Reznor, and further assuming, without deciding, that the installation of a heater is an inherently dangerous activity, Gus & Jacks cannot prove that Reznor failed to implement the requisite precautions required under *Beckman.* Reznor created a detailed instruction manual that it required Hill to follow when installing heaters. Gus & Jacks concedes that had this mandatory precaution been followed by Hill, the fire most likely would not have occurred. This claim is accordingly denied.

AFFIRMED