FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0421

DA 16-0421

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 48N

HU BEAVER, PATSY BEAVER,

      Plaintiffs, Appellees and Cross-Appellants,

DENNIS DUTY,

      Plaintiff and Appellee,

    v.

DAVID BURSEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-15-8
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Katherine C. Holliday, Carmody Holliday Legal PLLC, Missoula,
Montana

      For Appellees:

          Jinnifer Jeresek Mariman, Moore, Cockrell, Goicoechea & Johnson,
P.C., Kalispell, Montana (for Dennis Duty)

          Matthew H. O'Neill, O'Neill Law Office, PLLC, Polson, Montana
(for Hu and Patsy Beaver)

          Submitted on Briefs:  December 14, 2016

                   Decided:  March 7, 2017

Filed:

                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Bursey entered into a lease/purchase contract with Hu Beaver to buy a lakefront condo in Polson, Montana. Real estate agent Dennis Duty prepared the contract based on a form provided by Bursey's wife. Before the closing date, Bursey suffered serious financial and health issues that prevented him from buying the property. Hu sued for breach of contract and requested specific performance as a remedy. After Hu's complaint was filed, Bursey discovered two mistakes in the contract: (1) the description of the property in the contract differed from county records; and (2) Patsy Beaver, who co-owned the property with Hu, was not included as a party to the contract. Bursey claimed the contract was unenforceable, raised several counterclaims against Hu for fraud and misrepresentation, and joined Dennis Duty as a counterclaim defendant for his alleged negligence in preparing the contract. Hu then amended his complaint to include Patsy as a plaintiff. The District Court awarded summary judgment to the Beavers and Duty, from which Bursey timely appealed. The Beavers also timely cross-appealed the District Court's denial of their request for attorney fees.

¶3     This case presents several questions of contract construction and interpretation, which we review for correctness. *Gibson v. Paramount Homes*, 2011 MT 112, ¶ 10, 360 Mont. 421, 253 P.3d 903. Summary judgment is appropriate when no genuine issues of material fact exist and a party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). This standard guides both district courts and this Court's de novo review of summary judgment rulings. *Hatch v. State Dep't of Highways*, 269 Mont. 188, 192, 887 P.2d 729, 732 (1994).

¶4     An enforceable contract requires identifiable parties with the capacity to contract, consent, a lawful object, and consideration. Section 28-2-102, MCA. "The object of a contract is the thing which it is agreed on the part of the party receiving the consideration to do or not to do." Section 28-2-601, MCA. We have recognized that a valid contract for the sale of real property requires the assent of all parties who hold an interest in the property. *See Thornton v. Songstad*, 263 Mont. 390, 868 P.2d 633 (1994). Nevertheless, "[a] party who has signed a written contract may be compelled specifically to perform the contract, even though the other party has not signed the contract, if the latter has performed or offers to perform the contract and the case is otherwise proper for enforcing specific performance." Section 27-1-417, MCA.

¶5     Neither of the alleged defects in the contract allows Bursey to avoid specific performance. The Beavers provided an expert witness report and an affidavit from a Lake County Deputy Attorney to support their argument that the property was adequately identified in the contract. Bursey produced no legal or factual basis to conclude the

3

contract's description of the condo was inadequate. Therefore, the District Court correctly determined that Bursey failed to raise a genuine issue of material fact regarding the contract's description of the property.

¶6 Bursey next relies on our holding in *Thornton* to argue that the omission of Patsy as a party to the contract invalidated the contract. Bursey's reliance on *Thornton* is misplaced. In *Thornton*, the party omitted from the contract refused to sell the real property at issue. That is not the case here. Patsy intended to perform the contract and sell her interest in the property. Accordingly, § 27-1-417, MCA, allows the Beavers to seek specific performance of the contract. The District Court correctly applied this statute and concluded that specific performance was warranted.

¶7 Finally, Bursey's claim that the District Court should have considered the Beavers' duty to mitigate damages was not presented to the District Court in summary judgment briefing. We therefore decline to consider it for the first time on appeal. *See In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38.

¶8 Bursey also argues the District Court erred in granting summary judgment to Duty on Bursey's negligence claim. The District Court granted summary judgment to Duty after it determined that Bursey failed to show actual damages, an essential element of any negligence action. *See Hatch*, 269 Mont. at 192, 887 P.2d at 732. On appeal, Bursey flatly claims he suffered damages because "the District Court has ordered Bursey to purchase a condominium which he does not believe he contracted for given Hu Beaver's ownership of two condominiums in the same development." As previously noted, the

4

object of the contract was not reasonably in doubt. Bursey questioned the property's description only after his obligation to pay became infeasible. Under these circumstances, the delivery of the bargained-for property to Bursey cannot be considered monetary damage. Because Bursey failed to raise a question of material fact regarding damages, the District Court properly awarded summary judgment to Duty.

¶9 In their cross-appeal, the Beavers maintain they are entitled to attorney fees. Generally, we review rulings on attorney fees for an abuse of discretion, but district courts have no discretion to deny an attorney fees award that is required by contract. *Gibson*, ¶ 10. The contract's attorney fees clause makes clear that a party who retains counsel to remedy the other party's breach will be entitled to attorney fees. Nevertheless, the District Court denied the Beavers' request for attorney fees, concluding that "neither party prevailed in the entirety" because the lawsuit forced the Beavers to acknowledge the mistaken omission of Patsy from the contract. The District Court cited no law or contract language to support its decision, and we find no basis to disregard the contract's attorney fees clause. We therefore conclude the District Court erred by refusing the Beavers' request for attorney fees.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct with regard to the validity of the contract, but the

District Court erred in denying the Beavers' request for attorney fees. We therefore affirm in part, reverse in part, and remand for a determination of an attorney fees award.

/S/ JAMES JEREMIAH SHEA

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT