No. 87-98

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

DONALD D. CRISWELL,

            Plaintiff and Appellant,

    -vs-

KEVIN BREWER and MICK McLEOD,
jointly and individually,

            Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Sixteenth Judicial District,
              In and for the County of Rosebud,
              The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            H. D. Buelow, Miles City, Montana
            Huntley & Eakin, Baker, Montana

      For Respondent:

            Keefer, Roybal & Hanson; J. Dwaine Roybal, Billings,
            Montana

_____

                        Submitted on Briefs:  June 4, 1987

                        Decided:  August 18, 1987

Filed:   AUG 1 8 1987

                    _Ethel M. Harrison_
            _____
                        Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Donald D. Criswell, plaintiff, appeals from an order of the Sixteenth Judicial District, Rosebud County, Montana, granting defendant, Kevin Brewer, summary judgment with prejudice.

We affirm.

The sole issue which we must address on appeal is whether the District Court erred in granting defendant Brewer's motion for summary judgment.

Donald Criswell brought this action for injuries sustained as a result of a dog bite. The bite was received while Criswell was on the Hammond Ranch, which is owned by defendant Brewer. The ranch is located in a rural area outside of Forsyth, Montana.

Brewer hired Mick McLeod to live and conduct business as foreman for him on the ranch. For approximately eight years, McLeod and his wife lived in the ranch house on the Hammond Ranch. The McLeods own the dog which caused the injuries at issue. The dog had bitten someone approximately two years before the incident with Criswell. Brewer was aware of the earlier biting and provided materials to McLeod to build a fence and dog pen behind the ranch house. It was agreed that the dog would stay in the dog pen unless it was with McLeod. There was also a fenced enclosure surrounding the house. At the time of the attack, the fence around the house was apparently in disrepair with a section down or missing.

On April 30, 1984, the date of the attack, Criswell was at the Hammond Ranch to read an electric meter and deliver a meter calendar as part of his job for Mid-Yellowstone Electric Company. Meters which were located in rural areas were

read only once a year. The meter pole is located outside the fenced enclosure, but Criswell needed to go to the ranch home to deliver the calendar. The record shows that when he was approximately 15 feet outside the gate to the fence, the McLeod dog came around the house from the back, escaped through the gap in the fence and bit Criswell as he attempted to retreat to his car. Criswell states that he was aware of a "Beware of Dog" sign posted on the fence surrounding the house. The record does not disclose why the dog was out of the dog pen.

After being bitten, Criswell sought immediate medical treatment in Forsyth, Montana. Due to complications resulting from the wound, it was necessary for him to undergo surgery to relieve pressure on a trapped nerve.

Criswell filed a complaint against both Brewer and McLeod for his injuries and consequential expenses. Although McLeod is the acknowledged owner of the dog, Criswell maintains that Brewer was a "keeper" of the dog; that he was aware that the dog had previously bitten someone; and that he was therefore jointly responsible for the damages Criswell incurred.

Brewer filed a motion for summary judgment. His motion was granted by the District Court on the basis that there was no factual evidence to sustain the allegation that Brewer was the "keeper" of the dog.

From this order Criswell appeals.

In determining whether summary judgment is appropriate in this case, we must first determine whether there is a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. If there is a genuine issue as to any material fact, summary judgment is not appropriate. Summary judgment is never to be used as a substitute for trial if a

- 3 -

factual controversy exists. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 898, 37 St.Rep. 1500, 1502.

In the present case, Brewer owns the land upon which the dog bite occurred. He employed McLeod to work and do business for him on the ranch property as foreman. He was aware that McLeod had a dog and that the dog had previously bitten someone at least once in the approximately eight years in which it was kept on the ranch.

The District Court found that Brewer was not the "keeper" of the dog as described in 3A C.J.S. Animals § 205(b), at 709-710:

> The keeper of an animal is one who, either with or without the owner's permission, undertakes to manage, control, or care for an animal as owners are accustomed to do, or a person who exercises control over the animal on his premises with the knowledge of its presence.

We agree. The facts in this case show that Brewer did not own, have possession of or "manage, control, or care for an animal as owners are accustomed to do . . ."

There is a duty of reasonable and ordinary care under the circumstances for landowners in Montana. Kaiser v. Town of Whitehall (Mont. 1986), 718 P.2d 1341, 1343, 43 St.Rep. 846, 849. However, the record indicates that Brewer clearly met that duty.

We affirm the decision of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 4 -

John C. Sheehy

A. C. McDonough
Justices